## SANTIS v. ESOLA.
### No. 6354.

Circuit Court of Appeals, Ninth Circuit.
June 8, 1931.

Joseph Edward Connolly, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Albert E. Bagshaw, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts).

The judgment entered was an adjudication and pronouncement upon the subject-matter of the litigation between the United States and the defendant. The penalty to be assessed upon conviction was in the discretion of the court, but limited by statute to a maximum amount. And the exercise of the discretion and making pronouncement thereof by the court was a judicial act and final determination. "At law, a judgment is yea or nay, for one party and against the other" Freeman on Judgments, § 2. A judgment on a verdict or plea of guilty must be certain and final. Morris v. State, 1 Black. (Ind.) 37. This judgment was certain and final. The defendant was committed until the fine was paid or he was otherwise released by operation of law. The judgment was also subject to civil execution. Pierce v. U. S., 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697. The power or control of the court ended when the judgment was satisfied by payment. United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309.

The court has power only in such case as it is expressly conferred by statute, and after conviction and judgment it is limited by the Probation Act (18 USCA § 724) to (a) suspend imposition of sentence, or (b) suspend execution of sentence and place defendant upon probation for such period and upon such terms and conditions as it may deem best. United States v. Murray, supra. The Probation Act is only operative when there is an unsatisfied judgment. The court may (1) commit the defendant until the fine is paid, etc.; (2) direct civil execution; or (3) suspend execution and place defendant upon probation; and (a) require payment of fine in installments, and also have defendant submit to restricted conduct through the court's parole officer, or (b) suspend payment altogether during good behavior. "Probation" simply means enlarging a person subject to commitment by suspension of sentence, during the regularity of conduct, and imposing conditions, and on default thereof arrest and commit until imprisonment is served or the judgment is satisfied. The Probation Act, supra, provides: "That the courts of the United States * * * when it shall appear * * * that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction * * * for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation *in the manner aforesaid.*" (Italics supplied.)

In the instant case, not only was sentence not stayed, but defendant was committed until the fine was paid or he was otherwise released. Upon payment of the fine he was released. The judgment being satisfied, his liberty unrestricted was a matter of right. There is no provision of law that any condition may attach to a sentence as such. Imprisonment and fine under the statute bear the same relation to probation. In one, the imprisonment is stayed, and in the other the payment of the fine is stayed; and, when either the imprisonment is entered upon or the fine is paid, the power of the court ends.

The part of the judgment placing the defendant on probation after payment of fine and requiring him to report to the probation officer at stated intervals is brutum fulmen.

The order is reversed, and the case remanded, with instructions to issue the writ.