## UNITED STATES v. BERGER et al.

### No. 34.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1944.

Writ of Certiorari Denied Feb. 26, 1945.

See 65 S.Ct. 685.

889

Louis B. Boudin, of New York City (Louis B. Boudin and Daniel W. Meyer, both of New York City, of counsel), for appellants.

T. Vincent Quinn, U. S. Atty., and Vine Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., Irving Rozen, Regional

Atty., of New York City, and Albert A. Spiegel, Atty., U. S. Department of Labor, of McKeesport, Pa., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The order from which this appeal was taken was made by the District Court for the Eastern District of New York in probation proceedings which followed the suspension by that court of the imposition of a sentence upon appellants Berger and Kaminsky. It was made to compel appellant Cohn to sign checks which required his signature for the distribution of a fund which had been deposited by Berger and Kaminsky in a special account in a bank in his name and that of another that it might be available for distribution in accordance with the terms of the probation order.

This deposit had been made by appellants Berger and Kaminsky under the following circumstances. An information in thirteen counts had been filed in the above court charging Promenade Clothes, Inc., a New York corporation engaged in interstate commerce, Kaminsky, its president, and Berger, its secretary and treasurer, with violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Among the violations charged were the failure to keep accurate records, the willful keeping of false records of the hours worked and wages due to named employees of the corporation, the failure to pay such employees for overtime work as required by the statute and regulations, and more generally the willful failure to make, keep and preserve a record of the wages paid to and the hours worked each workday and each workweek by each person employed by the defendants, all as required by the statute and regulations. The corporation pleaded guilty on all counts and was sentenced to pay a fine of $500 upon each of them. Appellants Berger and Kaminsky each made the same plea but the imposition of sentence upon them was suspended and each of them was placed upon probation for a period of eighteen months beginning November 10, 1941.

Among the terms of their probation[1] was one under the heading "Other condi-

---

[1] There were apparently two prosecutions and two probation orders, which were in terms the same. Nothing turns

upon that circumstance, however, and it will not otherwise be noticed.

tions," which read as follows: "(b) Restitution of wages due by the defendants or the Corporation herein specifically named, to industrial workers under the Fair Labor Standards Act of 1938, shall be made by the defendants jointly and severally, in the sum of $27,094.08, in quarterly payments of $6,773.52, commencing March 10, 1942, and on each and every quarter thereafter until the full sum of restitution has been paid; allocation of the said restitution among the said industrial workers and the amount to be paid to each is to be determined by the Director of the New York Regional Office of the Wage and Hour Division of the United States Department of Labor or under his direction."

An order to show cause why their probation should not·be revoked was served upon Berger and Kaminsky after they failed to make the first two quarterly payments when due. They then appeared in court by appellant Cohn, their attorney, and offered to pay the entire $27,094.08 into the registry of the court. The judge declined to permit that to be done, and under his direction the amount was deposited in a special account in the Brooklyn Trust Company in the names of Arthur E. Reyman, who was then regional attorney for the United States Department of Labor, and appellant Cohn. It was to be distributed by means of checks signed by both of them to those persons who should be designated as the recipients in accordance with the probation order. Thereafter the probation of appellants Berger and Kaminsky was upon motion· terminated by the court before the eighteen months expired, and they were discharged.

·There was considerable difficulty in allocating the deposit among the employees, but the amount to be paid to each was finally determined by, or under the direction of, the regional director of the Wage and Hour Division of the Department of Labor. Cohn claimed not only that he was entitled to have accountants of his choice certify that the allocation had been correctly made but that it was his duty not to sign any checks for distributing the fund until he was satisfied that the allocation was correct. The director took the position that the allocation was to be made solely by him or under his direction and he refused to permit Cohn's accountants to take part in it or to have access to the data upon which it was made. This led to the refusal of Cohn to sign the checks to distribute the fund in accordance with the determination as made by the director alone. This refusal was followed by the service upon Cohn of an order to show cause, which resulted in the order from which Cohn, Berger and Kaminsky have appealed. This order required Cohn within ten days "after service upon him of the order herein, to sign and issue checks, with Arthur E. Reyman, Esq., to the employees of the defendants in accordance with the schedules" which showed the determination of the regional director.

The appellants now contend that the probation order was invalid (1) because no probation may be ordered except in cases where a sentence of imprisonment may be imposed and (2) because this was not a case in which restitution could be made a condition of probation. They also argue that the court had no jurisdiction over Cohn when the order appealed from was made and that the latter was unconstitutional in that it disposed of property belonging to Berger and Kaminsky without due process and in violation of their right to a trial by jury.

■ Much of the supposed trouble with the order from which the appeal has been taken will disappear when the doubts as to the validity of the probation order are cleared away. It is true that § 16(a) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(a), makes first offenders criminally punishable only by fine and not by imprisonment and that these men were first offenders. But it does not follow that because they could only be fined for the offenses charged in the counts to which they pleaded guilty they could not be placed on probation when the imposition of sentence was suspended. The Probation Act, 18 U.S.C.A. § 724, contains no such·limitation upon its scope, and the notion that there is such an inherent restriction seems to grow out of the fact that one of the well known objects which Congress sought to attain in passing the statute was the rehabilitation of offenders who would otherwise have to serve prison sentences. Compare, United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. It cannot reasonably be thought, however, that among such offenders alone was it supposed there could be found those who were penitent and if given some inducement would benefit the community and themselves by making an effort to become

law abiding. Nor does the statutory language lend support to such an idea. It gives the court discretion to order probation, other conditions of the statute being satisfied, "after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment." The statute shows that Congress intended to exclude offenses so serious that they were punishable by death or life imprisonment and, therefore, offenders guilty of such crimes were placed outside the scope of the Probation Act. But that does not indicate that Congress also meant to go to the opposite extreme and exclude offenses not considered serious enough to be punishable by imprisonment at all. This statutory language is broad enough to include within the Act offenses and offenders punishable by fine only and was, we think, used to express that as the intention of Congress. See, Santis v. Esola, 9 Cir., 50 F.2d 516.

The statute in § 724 supra, also provides that while on probation a defendant not only may be required "to pay in one or several sums a fine imposed at the time of being placed on probation" but "may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had."

■■■ It may be that it was a bit inaccurate to call the part of the probation order which required Berger and Kaminsky to pay the money which was deposited for distribution to employees an order for restitution of wages, but that is of no moment now. Clearly the court could make reparation for losses caused by the offense for which conviction was had a condition of probation provided there were such losses. We think the allegations in count eleven sufficient to show such a basis for the order. It was there alleged, as already stated above, that the appellants did not keep an accurate record as the statute and regulations required showing the time worked by each person employed and the wages paid. Such an offense would cause a loss to any employee whose wages were computed and paid incorrectly and in an amount less than was actually due as a result of the appellant's failure to keep such records. We are aware that this allegation is general in terms and there are lacking specific allegations making it plain that the total sum to be paid by Berger and Kaminsky as reparation, or "restitution"

as it was called, should in no event exceed the total amount of loss to employees. Had the point been raised when the probation order was made, it may be that Berger and Kaminsky would have been entitled to have it made more definite in this respect. We do not pass upon that now and we need not, for the amount was stipulated. The court had jurisdiction under the Probation Act to determine who were the aggrieved parties and how much loss had been caused them. It did so in the manner described and to the then apparent satisfaction of all concerned. Having accepted this determination, indeed having conceded the over-all amount due and acquiesced in the method of allocation—at least until they had been discharged from probation and the court no longer had power to sentence them— it is now too late for appellants, Berger and Kaminsky, to object to the amount or the manner of the distribution. State v. Henderson, 207 N.C. 258, 176 S.E. 758. See also, Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578; Burgess v. Nail, 10 Cir., 103 F.2d 37.

■■■ Nor has appellant Cohn any interest to protect in respect to the content and conditions of the probation order. He undertook to act in accordance with the provisions of that order and in furtherance of it. The record shows that the deposit was made in the Brooklyn Trust Company with the approval of the court and was treated by the court as the fulfillment by Berger and Kaminsky of the conditions of their probation. It was by no means merely the private arrangement which the appellants now call it. Having accepted the obligations of one designated to aid in carrying out the probation order made by the court, appellant Cohn remained thereafter subject to the summary order of the court so long as any of such obligations remained undischarged. He was also liable to be punished for contempt if he deliberately tried to obstruct the distribution of the money as the court ordered. United States v. Shipp, 203 U.S. 563, 27 S.Ct. 165, 51 L. Ed. 319, 8 Ann.Cas. 265; In re Sylvester, D.C., 41 F.2d 231.

As we have seen, the probation order is valid in so far as it may be reviewed on this appeal. The contention that the order from which this appeal was taken deprived Berger and Kaminsky of their property without due process or violated any right they had to a trial by jury is obviously too lacking in substance to require discussion.

892

Appellant Cohn does not question the fact that the allocation was actually made by or under the direction of the regional director. He merely questions the basis on which it was made and asserts his right and duty to be satisfied that the allocation is in his judgment correct before he signs any checks needed to distribute the fund. In so doing, on the one hand he claims a right not conferred and on the other he assumes a duty not imposed. The order from which he appealed was in aid of the enforcement of the order of probation and was without error.

Order affirmed.