Herman GROSS, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15411.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1956.

Rehearing Denied Feb. 17, 1956.

Irving M. Wolff, Miami, Fla., for appellant.

F. E. Van Alstine, U. S. Atty., Sioux City, Iowa, for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court entered August 9, 1955, revoking the probation of Herman Gross and requiring him to serve a sentence of imprisonment for six months imposed on June 25, 1953, commitment to commence forthwith.

Gross and Quality Egg Shippers, Inc., a corporation of which he was an incorporator, stockholder and president, were convicted by a jury in the United States District Court for the Northern District of Iowa, of violating Section 491, Title 7 U.S.C.A., which made it a misdemeanor for a person receiving, for another, poultry products or perishable farm products in interstate commerce to knowingly and with intent to defraud fail to account therefor.

Judgments were entered against both defendants. They appealed, and the judgments were affirmed by this Court on April 23, 1954, Quality Egg Shippers v. United States, 8 Cir., 212 F.2d 417, and thereafter certiorari was denied by the Supreme Court, 348 U.S. 825, 75 S.Ct. 41, 99 L.Ed. 651.

The judgment against the defendant Gross, entered on June 25, 1953, in so far as pertinent, reads as follows:

"It is Adjudged that the defendant has been convicted upon his plea of not guilty, and a verdict of guilty returned by the jury on the 17th day of April, 1953, of the offense of knowingly and with intent to defraud failed to truly and correctly account to Richard Swalve, doing

business as Swalve Produce Company, of George, Iowa, for certain quantities of eggs received in interstate commerce from and for and on behalf of said Richard Swalve, in violation of Section 491, Title 7, of the United States Code, as charged in Counts I and II of the Indictment herein, and the court having asked counsel for the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the court:

"It is Adjudged that the defendant is guilty as charged and convicted.

"It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of six months, and pay a fine of $1000.00 and the costs taxed herein in the sum of $852.65; the fine assessed covers the offense charged in both counts; the sentence of imprisonment shall apply to each count, to run concurrently and not consecutively; it is further ordered that the said defendant be, and hereby is admitted to probation for a period of 3⅓ years, and that he be committed to the custody of Edward L. Anderson, probation officer of this court, under the standing Rules of probation for this district; it is a further condition of the probation that he shall well and truly comply with such judgment or order, if any, as may be entered in the civil proceedings in the District Court for the State of Iowa, in and for Woodbury County, Iowa, and his neglect or refusal to comply within the period of probation is one of the matters that may be brought to the attention of the court in relation to probation; it is further ordered that the defendant shall pay the fine in equal installments of $200.00 per month, commencing July 1, 1953, and failing to do so, he shall be committed.

"It Is Further Ordered that during the period of probation the defendant shall conduct himself as a law-abiding industrious citizen and observe such conditions of probation as the court may prescribe. Otherwise, the defendant may be brought before the court for violation of the court's orders.

"It Is Further Ordered that the clerk deliver two certified copies of this judgment and order to the probation officer of this court, one of which shall be delivered to the defendant by the probation officer.

"W. F. Riley,
United States District Judge
Assigned to the Northern
District of Iowa."

The trial of the criminal case against the defendants Gross and Quality Egg Shippers, Inc., and all subsequent proceedings in the District Court were conducted by The Honorable William F. Riley, United States District Judge for the Southern District of Iowa, sitting by assignment as a United States District Judge for the Northern District of Iowa.

The evidence at the trial of the criminal case disclosed that the defendants had received in interstate commerce from Richard Swalve, doing business with his brother as the Swalve Produce Company, at George, Iowa, two truckloads of eggs shipped in February and March, 1952, for which the defendants had not accounted. The jury found that the defendants had received these eggs as agents for Richard Swalve, as the Government claimed, and not as purchasers of the eggs, as the defendants asserted.

At the time sentence was imposed, the exact amount the defendants owed Swalve for the eggs had not been determined. The defendants were contending that Swalve was indebted to them for commissions on eggs shipped direct to customers in Florida. There was then pending in the District Court of Iowa

for Woodbury County a civil action brought by Richard Swalve and Eugene Swalve, partners doing business as Swalve Produce Co., against Gross and Quality Egg Shippers, Inc., to obtain judgment against each of them for what was due for the two truckloads of eggs which had not been accounted for. The amount of the loss or damage resulting to Richard Swalve and Eugene Swalve from the defendants' failure to pay or to account for the two truckloads of eggs was an issue in the State Court action.

It was undoubtedly the intention of Judge Riley that the defendant Gross, as a condition of probation, should pay to Richard Swalve, by way of reparation and restitution, the amount which the State Court determined was owing by the defendants for the two truckloads of eggs shipped in February and March, 1952. Unfortunately, that intention was not as carefully expressed in the judgment conditioning probation as it might have been.

After the imposition of sentence upon Gross, and after its affirmance by this Court, the State Court on May 20, 1954, determined, in the civil action brought by the Swalves, that the contract between them and the defendants relative to the shipments of eggs was entered into solely on the credit of the corporation and without any thought or intent that Gross should personally or individually be liable for eggs shipped. The State Court gave judgment to the Swalves against Quality Egg Shippers, the corporation, for $12,110.08 with interest at five per cent from March 10, 1952. The State Court dismissed the claim of the Swalves against Gross personally, and dismissed a counterclaim of the corporation against the Swalves. The judgment of the State Court determined the amount of the loss resulting from the nonpayment for the two truckloads of eggs for which the jury in the criminal cases in the federal court had found the defendants, as agents of Richard Swalve, were accountable.

Gross did not make restitution to Richard Swalve of the amount which the State Court determined was due the Swalves from Quality Egg Shippers, Inc.

The United States Attorney for the Northern District of Iowa, on or about April 5, 1955, filed and served a motion for the revocation of the probation of Gross, upon the following ground:

"That defendant, Herman Gross, has failed to comply with the conditions of probation imposed by this court as authorized by 18 U.S.C. 3651, in the following particular:

"(a) That defendant, Herman Gross, has failed and neglected to make restitution to the parties aggrieved, of actual damages and loss caused by the offense of which said defendant stands convicted in this action."

In his answer to this motion, Gross asserted, in substance, that he had not violated the conditions of his probation as prescribed in the judgment of June 25, 1953; that the Court had conditioned restitution upon a civil proceeding, in a state court, which had been adjudicated in favor of Gross and that the State Court had determined that he had not caused the damage suffered by the Swalves and was not liable to them; and that the federal court could not compel him, by threat of incarceration, to pay the debt of Quality Egg Shippers, Inc.

On August 9, 1955, Judge Riley filed a "Memorandum and Order of Revocation of Probation and Judgment of Commitment." In his memorandum, Judge Riley stated, in substance, that at the time of sentence the amount Gross might be required to pay by way of reparation was not ascertainable, but that the question of the amount was in litigation in the State District Court of Woodbury County; that the judgment in that litigation, regardless of the fact that it was against the corporation only, determined the amount of which Richard Swalve, the complaining witness in the federal court, was defrauded, and the amount the defendant Gross would be required to pay by way of reparation under the condi-

tions of his probation; that the Court's right to require, as a condition of probation, restitution to a party aggrieved is granted by Section 3651, Title 18 U.S.C.A.; and that the purpose of the proceeding for revocation of probation was not to require Gross to pay a civil debt of another, but to make restitution for the loss and damage caused by the offense of which he was convicted.

It is obvious that Gross, as a condition of probation, was to make reparation and restitution to Richard Swalve for the damage and loss suffered from the offense of which Gross was convicted. That restitution was intended to be a condition of his probation was understood by Gross, as is evidenced by his answer to the motion for revocation of his probation,[1] his claim being that the restitution required of him was conditioned by Judge Riley upon the outcome of the state court action and that the outcome of that action relieved Gross of liability for the loss occasioned by his acts.

We think that the determination by the State Court that, under Iowa law, the Swalves were not entitled to a civil judgment against Gross personally is no help to him in the criminal proceedings in the federal court. The judgment of the State Court in the civil action did not, and could not, absolve Gross of criminal liability for the offense of which he was convicted or deprive the federal court of its power to deal with that offense according to federal law. Having been convicted, it was for the federal court to impose sentence and to determine the terms and conditions of probation if probation was granted. The court, by Section 3651 of Title 18 U.S.C.A., could require Gross to "make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." See and compare, United States v. Berger, 2 Cir., 145 F.2d 888, 891. Judge Riley clearly intended reparation and restitution to be a condition of the probation of Gross. Gross has made no reparation or restitution, and relies upon the State Court judgment for absolution. We think the order revoking probation was a valid order.

The motion of the Government to dismiss the appeal is denied.

The order appealed from is affirmed.

---

1. The original record shows that on June 24, 1953, Judge Riley, in pronouncing sentence upon Gross, stated that the jury had found that he had failed, knowingly and with intent to defraud, to account for the proceeds of the eggs which he and Quality Egg Shippers had received, and that "It is therefore made a condition of his probation that he should truly and correctly account therefor."