**UNITED STATES of America,
Appellee,**

v.

**BEACON PIECE DYEING & FINISH-
ING CO., Inc., Defendant-Appellant.**

**No. 427, Docket 71-2065.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 6, 1972.

Decided Feb. 1, 1972.

David Berg, New York City (Robert
F. Little, Berg, Mezansky & Dorf, New
York City, of counsel), for defendant-
appellant.

T. Gorman Reilly, Asst. U. S. Atty.,
New York City (Whitney North Sey-
mour, Jr., U. S. Atty., S. D. N. Y., of
counsel), for appellee.

Before FRIENDLY, Chief Judge, and
MOORE and OAKES, Circuit Judges.

OAKES, Circuit Judge:

This case raises the simple but novel
question whether a sentence to pay a
fine in installments may—unlike a sen-
tence to a prison term—be suspended
after the judgment of conviction has
been entered and the 120-day time limit
within which sentence may be reduced
under Fed.R.Crim.P. 35 has expired and
a payment has been made on account of
the fine.

Appellant attempts to avoid a $25,000
fine, levied under the Refuse Act of
1899, 33 U.S.C. § 411, for ten separate
substantive violations of the Act. 33 U.
S.C. § 407. The fine was originally im-
posed as a lump sum, but then District
Judge Mansfield later allowed payment
quarterly, in five installments of $5,000
each. After having paid the first $5,000
installment, appellant submitted a mo-
tion for suspension of the remainder of
the fine [1] which Judge Wyatt denied on
the ground that the district court lacked
power to grant such an application. We
affirm.

The Probation Act of 1925 al-
lows the district court to suspend the
imposition or execution of sentence
"[u]pon entering a judgment of convic-

---

1. The apparent substantive basis of appel-
lant's request for suspension is a combina-
tion of financial inability and cooperative

attitude, including "substantial sums" ex-
pended to combat the pollution.

tion . . . ." 18 U.S.C. § 3651. This is the only source of the federal courts' probationary powers. United States v. Murray, 275 U.S. 347, 357, 48 S.Ct. 146, 72 L.Ed. 309 (1928); Ex parte United States, 242 U.S. 27, 37 S. Ct. 72, 61 L.Ed. 129 (1916). *But cf.* United States v. Benz, 282 U.S. 304, 309, 51 S.Ct. 113, 75 L.Ed. 354 (1931). Most previous cases arising under this statute have involved incarceration rather than fines, although fines are also included within its scope. United States v. Berger, 145 F.2d 888 (2d Cir. 1944), cert. denied, 324 U.S. 848, 65 S.Ct. 685, 89 L. Ed. 1408 (1945). Indeed, in this case Judge Mansfield suspended sentence as to fines totaling $100,000 in connection with appellant's conviction under counts 11 through 50. The crucial question, however, is *when* the district court may suspend a fine. There are no cases directly on point.

█ When a prison sentence is involved, the suspension authority " . . . terminates when the convicted defendant actually enters upon the service of his prison sentence." United States v. Ellenbogen, 390 F.2d 537, 541 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). *See also* Affronti v. United States, 350 U.S. 79, 83, 76 S.Ct. 171, 174, 100 L.Ed. 62 (1955) [" . . . probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence" (footnote omitted)]. Similarly we believe that authority terminates as to installment fines when the first installment has been paid, as it has here, since appellant's "service of sentence" has commenced. Appellant argues that the termination of authority to suspend was designed solely to prevent conflicts between district courts and the federal parole board, and that the rule should be restricted to cases of imprisonment. But suspension long after the sentencing proceeding would give fine-payers second or third chances to have their cases heard again before

more sympathetic judges as well as duplicate the provisions for executive clemency. *Cf.* United States v. Murray, *supra*, 275 U.S. at 356–357, 48 S.Ct. 146. Since there is no congressional directive to the contrary, we affirm.

Bearing in mind, however, the stricture of United States v. Murray, *supra* at 357, 48 S.Ct. at 149, that we should seek " . . . to reconcile the provisions for probation, parole, and executive clemency . . .," we will continue the stay for sixty days, with leave to apply to this panel for a further extension for cause shown, so as to permit the defendant to make application for executive clemency under article II, Section 2, of the Constitution and pertinent regulations, 28 C.F.R. § 1.1 et seq. We express no opinion whatsoever on the merits of any such application.