**UNITED STATES of America**
**v.**
**J. C. EHRLICH CO., INC.**
**Crim. No. 73–0451–K.**

United States District Court,
D. Maryland.
March 14, 1974.

George Beall, U. S. Atty., Michael E. Marr, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Donald F. Chiarello, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

On March 1, 1974, there appeared before this Court counsel for the parties and Mr. Victor Hammel, Vice-President and Secretary of J. C. Ehrlich Co., Inc., one of the defendants herein. At that time this Court accepted the said defendant's pleas, to charges of violations of 16 U.S.C. §§ 703 through 711, inclusive, 50 C.F.R. § 10.21(a) and 18 U.S.C. § 2, of nolo contendere to counts 15, 16, 17, 18, 19, 53, 54, 55, 56 and 60; and accepted the nolle prosequi by the Government of counts 20 through 52, 57 through 59, and 61 through 114; and imposed the maximum fine of $500 under each of the aforesaid ten counts to which the defendant entered pleas of nolo contendere, making a total maximum fine of $5000. In addition, this Court imposed court costs of this case upon the said defendant. Further, this Court placed the said corporate defendant on probation for a period of five years and stated that if, during that probationary period, the said defendant violated any law of the United States dealing with or related to the preservation of wildlife and was proven guilty beyond a reasonable doubt of the same, this Court would require the payment of the remainder (i. e., $4500) of the $5000 fine.

The basic authority pursuant to which this Court is enabled to place a defendant on probation after conviction of an offense not punishable by death or life imprisonment is set forth in Rule 32(e) of the Federal Rules of Criminal Procedure and in 18 U.S.C. § 3651. Two questions arise in connection with the sentence imposed by this Court on March 1, 1974: (1) Can probation be utilized when the only possible punishment is a fine? (2) Can a corporation be placed on probation? In each case the answer would appear to be in the affirmative.

In United States v. Berger, 145 F.2d 888 (2d Cir., 1944), writing for himself and Judges L. Hand and Augustus N. Hand, Judge Chase held that individual defendants could be placed upon probation even though no sentence of imprisonment could be imposed. *See also* 5 L. Orfield, Criminal Procedure Under the Federal Rules § 32:68, p. 258 (1967). In United States v. Beacon Piece Dyeing & Finishing Co., Inc., 455 F.2d 216 (2d Cir., 1972), Judge Oakes, writing for himself and Judges Friendly and Moore, upheld Judge Mansfield's imposition of a fine to be paid in five quarterly installments. In the course of his opinion, Judge Oakes cited the *Berger* case with apparent approval.

It must be noted that while *Beacon* deals with a corporate defendant, the sentence therein of the District Court did not involve the use of probation; rather, it involved simply payment of a fine over a period of more than a year. This Court has not been able to find any authority, pro or con, with regard to the use of probation in an instance where the defendant is a corporation. However, nothing in Federal Criminal Rule 32(e) or in 18 U.S.C. § 3651 would appear to render impermissible the use of probation, coupled with a suspension of payment of part of a fine, over a period of time not to exceed the maximum five-year period provided for by 18 U.S. C. § 3651.

Accordingly, this Court hereby reaffirms its imposition of the fine of

$500 under each of the counts 15, 16, 17, 18, 19, 53, 54, 55, 56 and 60, making a total fine of $5000; the suspension of the payment of any and all parts of such fines except $50 on each of the aforesaid ten counts, making a total fine to be paid at this time of $500; the placing of the aforementioned corporate defendant upon probation for a period of five years [1] with the special proviso that if the defendant during that period of probation is proven guilty beyond a reasonable doubt of violating any law of the United States dealing with or related to the preservation of wildlife, the payment of the remaining $4500 of the total fine of $5000 shall become immediately due and shall be required; and the imposition of court costs upon the said defendant.

1.  The first-year period of probation shall commence as of March 1, 1974.