UNITED STATES, Appellee,

v.

William L. McKNIGHT and James W. Sturdevant, Appellants.

No. 84-1606.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided Aug. 26, 1985.

Rehearing and Rehearing En Banc Denied Oct. 2, 1985.

David Thornton, Tulsa, Okl., for appellants.

Sara Criscitelli, Justice Dept., Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

1. The Honorable Joseph E. Stevens, Jr., United States District Court for the Western District of Missouri.

2. 18 U.S.C. § 1014 (1982) provides in pertinent part as follows: "Whoever knowingly makes any false statement * * * for the purpose of

FLOYD R. GIBSON, Senior Circuit Judge.

The defendants, William McKnight and James Sturdevant, appeal from the district court's [1] denial of their motion to strike information entered onto the record of a sentencing hearing, and from the district court's order to deliver copies of the hearing transcript to certain individuals. We affirm.

## I. Facts

Pursuant to a plea agreement with the government, the defendants entered pleas of nolo contendere to one count of causing a materially false statement to be made on a loan application submitted to a bank insured by the Federal Deposit Insurance Corporation. 18 U.S.C. § 1014 (1982) [2]. The district court accepted the defendants' pleas and ordered a presentence investigation report. While reviewing the report during the sentencing hearing, the district judge read into the record the net worth of each defendant, as stated in the report. The defendants objected to this statement on the basis that they had revealed their net worth in confidence, and asked the court to strike the statement from the record. The district court overruled the objection.

The district court fined each of the defendants $5,000 and placed them both on probation for four years. One of the conditions of probation required that the defendants:

either individually or jointly, either with or without agreement between the two of them, shall pay to the minority shareholders of the Bank of Raymondville * * such amounts as it can be agreed such minority shareholders lost by reason of defendants' actions, or, if not agreed, then such amounts as are determined due any minority shareholder for the same reason by judicial action.

influencing in any way * * * any bank the deposits of which are insured by the Federal Deposit Insurance Corporation * * * upon any application * * * or loan * * * shall be fined not more than $5,000 or imprisoned not more than two years or both."

In order to effectuate this condition, the district court directed the clerk of the court to forward copies of the transcript of the sentencing hearing to the minority shareholders. The district court overruled the defendants' objection to this order.

## II. Discussion

■ At the threshold we must determine whether we have jurisdiction to rule on the merits of this appeal. The government argues that a defendant must file a motion to correct or reduce a sentence before the defendant can appeal from the sentence imposed. *Fed.R.Crim.P.* 35.[3] We disagree.

■ A sentence of probation is a "final decision" for purposes of appellate review. *Korematsu v. United States*, 319 U.S. 432, 433, 436, 63 S.Ct. 1124, 1125, 1126, 87 L.Ed. 1497 (1943). Appellate courts, including this one, which have considered the question appear to treat review of a sentence on direct appeal, rather than on collateral appeal from the denial of a Rule 35 motion, as a matter of discretion. *See United States v. Mastrangelo*, 733 F.2d 793, 800 n. 4 (11th Cir.1984); *United States v. Prescon Corp.*, 695 F.2d 1236, 1241 (10th Cir.1982); *United States v. Gilliss*, 645 F.2d 1269, 1284 n. 35 (8th Cir.1981) (quoting *United States v. Mathis*, 579 F.2d 415, 420 (7th Cir.1978)); *United States v. Rosenbarger*, 536 F.2d 715, 722 (6th Cir.1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). *But see United States v. Horton*, 646 F.2d 181, 189 (5th Cir.) (declining to review the legality of a sentence before trial court had been presented with a Rule 35 motion), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 388 (1981); *United States v. Resnick*, 483 F.2d 354, 358–59 (5th Cir.) (declining to review legality of a sentence before trial court had been presented with a Rule 35 motion) *cert. denied*, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973). Thus, we choose to review this sentence.

During the sentencing hearing, the district court read into the record the net worth of each defendant. The defendants argue that such an action is impermissible. We disagree.

The circumstances under which presentence investigation reports are to be made, their content, and the circumstances under which they may be disclosed, are governed by Rule 32 of the Federal Rules of Criminal Procedure. The Rule is silent regarding the disclosure of such reports to third persons. *United States v. Charmer*, 711 F.2d 1164, 1173 (2d Cir.1983); *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir.1976); *see also Fed.R.Crim.P.* 32. In order to ensure the free flow of information so that a district court has as complete a set of facts as is possible for fashioning an appropriate sentence, *Charmer*, 711 F.2d at 1170, 1176; *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir.1976); *United States v. Greathouse*, 484 F.2d 805, 807 (7th Cir.1973); *United States v. Evans*, 454 F.2d 813, 820 (8th Cir.), *cert. denied*, 406 U.S. 969, 92 S.Ct. 2423, 32 L.Ed.2d 668 (1972), courts have held that presentence reports are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice. *Charmer*, 711 F.2d at 1176; *Figurski*, 545 F.2d at 391 (quoting *Hancock Bros., Inc. v. Jones*, 293 F.Supp. 1229, 1233 (N.D.Cal.1968)). The American Bar Association also recommends that presentence reports be maintained as confidential documents, limiting their disclosure, as to third parties, to persons or agencies dealing with defendant's rehabilitation. A.B.A. Sentencing Alternatives and Procedures § 18 (1979).

However, we are not presented with the disclosure of a presentence report to a third person. Rather, we are confronted with the propriety of disclosing facts contained in the report, and placed on the court record upon which the district court based its sentencing decision. We think

---

**3.** *Fed.R.Crim.P.* 35 provides in pertinent part as follows: "The court may correct * * * a sentence imposed in an illegal manner within the time provided * * * for reduction of sentence. * * * (which is) 120 days after the sentence is imposed * * * *"

that disclosure of such facts during a sentencing hearing is appropriate particularly when, as here, the district court disclosed the facts for the purpose of verifying their accuracy before imposing sentence, and then utilized these facts in fashioning a procedure for restitution. Indeed, it appears that often there is a colloquy between a criminal defendant, counsel, and the sentencing judge, regarding facts contained in a presentence report, during a sentencing hearing. *See, e.g., United States v. Tucker*, 404 U.S. 443, 444, 92 S.Ct. 589, 590, 30 L.Ed.2d 592 (1972); *United States v. Grugette*, 678 F.2d 600, 603, 603 n. 8 (5th Cir.1982); *United States v. Wondrack*, 578 F.2d 808, 810 (9th Cir. 1978); *United States v. Sneath*, 557 F.2d 149, 150 (8th Cir.1977). In addition, Rule 32 itself allows for the disclosure in open court of the facts to be relied on in sentencing, under certain circumstances.[4]

▆▆▆▆ The defendants argue that they revealed this information under a promise of confidentiality. We have reviewed each of the presentence investigation reports *in camera,* and there is no indication in either report that this information was to be kept confidential. The defendants argue, in essence, that disclosure of this information may result in their liability to the full extent of the losses suffered by the minority shareholders as a result of the defendants' actions, and thus is prejudicial. We simply cannot discern the prejudice to the defendants, and hold that the district court's recital, for the record, of the salient fact upon which it based its sentencing decision was appropriate. The sentence of probation was not imposed in an illegal manner, and is affirmed. We likewise uphold the district court's order to distribute a transcript of the sentencing hearing to each of the minority shareholders in order to effectuate the conditions of the defendants' sentences. Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve the interests of justice. As noted in *Charmer,* 711 F.2d at 1176, "[t]he report may not properly be disclosed without authorization of the court." Any disclosure authorized by the court posits the issue of whether or not the court has abused its discretion in authorizing it. We find no abuse of discretion here.

As a condition of probation, the district court required that the defendants:

either individually or jointly, either with or without agreement between the two of them, shall pay to the minority shareholders * * * such amounts as it can be agreed such minority shareholders lost by reason of these defendants' actions, or, if not agreed, then such amounts as are determined due any minority shareholder for the same reason by judicial action.

The defendants argue that the district court erred by failing to specify that they are liable only for those losses which resulted from the act for which they were convicted and sentenced.

▆▆▆▆ While the district court could have been more specific, we hold that this condition of probation is not prejudicially vague. It is clear that reparation, as a condition of probation, may only be ordered for the actual damages flowing from the specific crime for which a defendant is convicted. *United States v. Missouri Valley Constr. Co.*, 741 F.2d 1542, 1547–48 (8th Cir.1984) (overruling *United States v. William Anderson Co. Inc.*, 698 F.2d 911 (8th Cir.1982)); *United States v. Seest*, 631 F.2d 107, 110 (8th Cir.1980); *Gross v. United States*, 228 F.2d 612, 615 (8th Cir.1956).

---

4. *Fed.R.Crim.P.* 32(c)(3)(B) provides in pertinent part:

If the court is of the view that there is information in the presentence report which should not be disclosed under subdivision (c)(3)(A) of this Rule, the court in lieu of making the report * * * available shall state orally or in writing a summary of the factual information contained therein to be relied on in determining sentence, and shall give the defendant and his counsel an opportunity to comment thereon. The statement *may* be made to the parties in camera.

(emphasis added).

Thus, as is implicit in the district court's order, the defendants' sentences require them only to make reparation to the minority shareholders for the loss they suffered as a direct result of the crime for which the defendants were convicted and sentenced.

Affirmed.