**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Dominic SANTARELLI,**
**Defendant-Appellee.**

**In re UNITED STATES of America, Petitioner.**

**Nos. 83–5543, 83–5637.**

United States Court of Appeals,
Eleventh Circuit.

April 16, 1984.

Stanley Marcus, U.S. Atty., John M. Owens, Special Atty., Miami Strike Force, U.S. Dept. of Justice, Miami, Fla., for plaintiff-appellant.

E. David Rosen, Rosen & Rosen, P.A., Lawrence N. Rosen, Miami, Fla., for defendant-appellee.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

This is an appeal by the Government pursuant to 28 U.S.C. § 1291 and for a Writ of Mandamus under the All Writs Act, 28 U.S.C. § 1651 (consolidated for hearing) in which it is contended that the district court's order for an *in camera* hearing to determine the accuracy of the presentence investigation report will resolve disputed facts material to the sentencing of the defendant and will exclude the public from a *Fatico* [1] type adversarial hearing at sentencing, thus violating the constitutional presumption of open judicial hearings; and that it will prevent the Government's exercise of its right to equivalent allocution in excess of the district court's authority under Rule 32 Fed.R. Crim.P.

We conclude that no case or controversy is presented and, therefore, dismiss the appeal and deny the Petition for a Writ of Mandamus.

Santarelli was convicted of two counts of income tax evasion in violation of 26 U.S.C. § 7206(1). On June 14, 1983, the court entered an order which stated, "The defendant, Santarelli, has moved for leave to contest the present contents of the Presentence Investigative Report in an 'In Camera' proceeding...". The court granted the motion and set the hearing for June 24, 1983. The court did not hold a hearing on that date but instead conferred with counsel. Amidst a lengthy colloquy between court and counsel the court said, *inter alia:*

> Additionally, I do believe that the sentence itself obviously will be open but I do believe that I will hold an *in camera* proceeding with reference to matters that would ultimately be brought before me. There are all sorts of things floating around in this file that gives me cause for concern for individuals who may be harmed if the public were to be generally aware of it and I see no sense

in doing that... So what my hope would be that we would hold that hearing and shortly thereafter, probably the very next week, giving me time to digest whatever came from that hearing, and we would set the sentencing.

The Government moved for reconsideration of the order in which it stated that the Government knew no party, other than the defendant, who would have any interest in an *in camera* proceeding and that it was prepared to publicly present its sentencing evidence in a manner which would avoid harm to the legitimate interest of third parties although it was unaware of such danger at this time. The District Court denied the motion.

The ambiguous oral order of June 24 is construed by the Government to mean that the court will hold a full-blown trial *in camera* testing the accuracy of the presentence investigation report at which the Government will be called upon to present its *Fatico* type evidence. Thereafter the court will make a ruling which may serve to emasculate or prohibit the introduction of *Fatico* evidence at the open sentencing hearing, or require the Government to reenact those undisputed or judicially approved parts of its *Fatico* evidence deemed fit for public consumption which would present the public with the illusion of an open proceeding when the contrary would be the reality.

On the other hand, the defendant construes the order to mean that the *in camera* proceeding is limited to permitting the defendant to contest the presentence investigation report, that it did not order an *in camera* sentencing hearing, or in any manner limit the Government's *Fatico* hearing.

The meaning of the order is further clouded because of the district court's apparent confusion in dealing with the proposed *Fatico* evidence, treating it as having something to do with the question of the accuracy of the presentence investigation report. Moreover, on oral argument, counsel for the defendant disavowed a principal argument made to the district court that an

---

1. *United States v. Fatico,* 579 F.2d 707 (2nd Cir.1978), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

*in camera* proceeding was necessary in this case because the defendant was concerned about his reputation in the community and what would come out of the media if there was an open hearing. The transcript of the hearing of June 24, 1983 indicates that the district judge was so impressed with this argument that it became one of the main predicates for ordering an *in camera* hearing.

Finally, counsel for the defendant, at the April 28, 1983 hearing, argued that, "We do not suggest that at the time of sentencing there should be a cloture or that the Government would be precluded from asserting whatever it is they wish to assert in open court with the media present." Yet on June 10, 1983, in defendant's final pleading before the June 24, 1983 hearing, the defendant, while acknowledging that the Government has a right to an open court *Fatico* hearing, stated "[h]owever, if following the 'In Camera' proceeding certain materials have been ruled as improper by the Court, then the Government is bound by that rule." Yet again, on oral argument before this Court, counsel for the defendant stated that the Government does not have the right to a *Fatico* hearing, but rather it is within the discretion of the court. If that discretion is exercised, counsel stated, the Government could fully present its *Fatico* evidence even though, on the presentation of the same evidence in the *in camera* presentence investigation hearing the court had indicated that it was incorrect and that it would disregard it. Counsel further stated that the *Fatico* hearing and the presentence investigation hearing are two different things for two different purposes.

With this background there is little wonder that there is a lack of precision in the terms of the oral order of June 24, 1983 which results in confusion of what the district court meant.

We appreciate that the Government is properly concerned if the order is construed as being tantamount to closing the sentencing hearing because of the purported privacy interest of the defendant. This could well run counter to the constitutional rule of open judicial proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *United States v. Criden*, 675 F.2d 550 (3d Cir.1982). Likewise if the order were construed to prevent the Government's exercise of its right to allocution at an open sentencing proceeding under Rule 32, Fed.R.Crim.P. a serious question could arise concerning the court's authority to do so, since the Government's right to allocution is absolute, *United States v. Garcia*, 694 F.2d 294 (1st Cir.1982).

Although there is loose language in the rambling oral order concerning what the court meant, we cannot assume that it meant to conduct an *in camera* full blown trial to determine the correctness of the presentence investigation report and thus subsume the Government's right to present its *Fatico* evidence at the open sentence hearing.

The ambiguity of the oral order arises from the fact that it does not make clear what is clear—that when the probation department submits its probation report to the court for the purpose of sentencing it is a part of the judiciary, Fed.R.Crim.P. 32, yet when the Government submits evidence in a *Fatico* hearing for the purpose of sentencing it is an adversary in a judicial hearing arising from the prosecution and conviction of the defendant. This is a significant distinction in which, in the former instance the public is not informed as to the reasons underlying the court's pronouncement of sentence, while in the latter case the public has a First Amendment right to see and hear that which is admitted in evidence in a public sentencing hearing. *See United States v. Carpentier*, 526 F.Supp. 292 (E.D.N.Y.1981). Thus the inclusion in the presentence report by the probation department of information known to the Government which is material to sentencing does not *ipso facto* confer a status of secrecy or privilege upon the information which did not previously exist. There is a fundamental distinction between a proceeding to "afford the defendant or his counsel an opportunity to comment [on a presentence investigation report], and, at the discretion of the court, to introduce testimony or other information relating to

any alleged factual inaccuracy contained in the presentence report," Rule 32(c)(3)(A) Fed.R.Crim.P., and extrinsic evidence presented in open court of information which may be contained in the report and which is material to sentencing. The fact that the oral order is ambiguous in this respect and fails to precisely delineate the proposed *in camera* procedure does not permit us to conclude that the court intends to exclude the public from a *Fatico* adversarial proceeding at the time of open sentencing in which the Government may adduce independent evidence of matters discussed in the presentence investigation report and other matters relating to the defendant's character, criminal history and criminal associations, all of which are material to sentencing. This kind of information is specifically authorized in 18 U.S.C. § 3577.

We conclude that there is no case or controversy presented in either the appeal or the Petition for Writ of Mandamus. *See Muskrat v. United States,* 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1910). The appeal is DISMISSED and the Petition for a Writ of Mandamus is DENIED.