UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-41200
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILRY HUCKABY, III,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana
_____

(January 12, 1995)

Before DAVIS, JONES, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The principal question in this case is whether the district court correctly made available to the public among the records of this criminal prosecution the presentence report (PSIR) prepared on appellant Huckaby. Although the federal rules now mandate that the presentence report be disclosed to the defendant and his attorney, the report is ordinarily kept confidential to protect the sentencing process, the defendant's privacy interest, and those people who have cooperated with criminal investigations. No statute or rule, however, requires that presentence reports remain confidential after the sentencing hearing has occurred; information contained in the PSIR is often divulged at sentencing

hearings.  The interests of justice counsel that before any such reports be made public, the court find compelling, particularized circumstances that outweigh the noted interests in non-disclosure. In this case, the trial court concluded that such compelling circumstances exist.  We agree with his findings, and affirm his extraordinary order.[1]  Appellant's other contentions relating to his sentence and conviction lack merit.

## BACKGROUND

Appellant Huckaby, currently a state district judge in Louisiana, came under investigation for income tax evasion.  He was charged in an information filed June 29, 1994, with one misdemeanor count of failing to file an income tax return for calendar year 1987, in violation of 26 U.S.C. § 7203.  The next day, Huckaby and the United States filed a proposed plea agreement in which Huckaby would plead guilty in exchange for the government's agreement not to prosecute him for any other tax offense of which it then knew. The district court refused to accept the plea agreement.  Huckaby then pled guilty to the information.

In a lengthy PSIR, the probation office concluded that Huckaby had not filed any timely federal income tax returns for nearly twelve years, that he had similarly failed to file timely returns for his law practice, and that he had not filed tax returns to the state of Louisiana for much of this period.  He persuaded the City of Shreveport, Louisiana, which he earlier served as a

---

[1]     A motions panel of this court granted a preliminary stay of the order on November 18, 1994.  The preliminary stay was vacated by order of this court issued January 9, 1995.  This opinion states the reasons for the January 9 order.

councilman, not to withhold income tax on his salary. When pressed by the IRS, he filed returns on some occasions. His financial records were in disarray, however, making the computation of unpaid taxes difficult. Nevertheless, as reflected on the PSIR, the Internal Revenue Service estimated the total taxes owed by Huckaby for tax years 1981 through 1992 as being $146,311.25, exclusive of penalties and interest.

Huckaby's prosecution has been highly publicized in his home town of Shreveport. Community opinion has deeply divided over whether Huckaby should be prosecuted at all or whether, for his violation of public trust, his punishment should be stern and exemplary. Judge Walter read a prepared statement at Huckaby's sentencing hearing in which he chastised the government for prosecuting Huckaby's case as a misdemeanor rather than felony tax evasion and criticized Huckaby for implying that he was being singled out for prosecution because he is black. According to the court, there is a firmly held and widely disseminated opinion among Huckaby's friends and some Shreveport public officials and community leaders that "the defendant is being prosecuted because he is black and because he has raised himself to a position of power within the community." Judge Walter referred to letters he had received, which characterized Huckaby's crime as a "mistake" or "error." Judge Walter briefly summarized the offense-related conduct described in the PSIR[2] and derided Huckaby's attempt to

_____

[2] The district court cited statements in the PSIR concerning defendant's use of his clients' trust funds as his own; his evasion of $1,000 of sales tax by lying about his residence; his failure to file state income tax

3

shift blame from himself for his consistent failure to file tax returns timely.  The judge concluded:

> Because of the widespread misconceptions about this case, I'm going to take the unusual step of filing the presentence report, together with your objections, into the record, for anyone who is interested in the truth.

The judge then sentenced Huckaby to a twelve-month term of imprisonment plus a fine of $5,000, and a one-year term of supervised release; he also ordered Huckaby to pay IRS the full amount of taxes due for 1987.

On appeal, Huckaby contends that the district court should not have rejected the plea bargain; that the court made two errors in assessing the offense level for sentencing purposes; and that he abused his discretion in ordering public disclosure of the PSIR and objections thereto.  We consider first the matter of the presentence report and then discuss Huckaby's other issues.

### DISCUSSION

Although Fed. R. Crim. Pro. 32(c) requires the preparation of a presentence investigation report in most criminal cases, the rule does not expressly prohibit disclosure of the report after sentencing.  Nevertheless, the rule continues a longstanding practice of treating presentence investigation reports as confidential and not public documents.  It prohibits disclosure

---

returns for at least nine years and to pay over $24,000 of state income tax; his failure to timely file his federal income tax for twelve years; his failure to file an income tax return for 1989 and his evading the payment of taxes for those years; his unlawfully stopping the city from withholding taxes on his city council salary and his failure to keep records of the thousands of dollars flowing through his law firm.

4

of the PSIR even to the defendant or his counsel when, in the opinion of the court

> The report contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons.

Rule 32(c)(3).

Notwithstanding the rule's silence, "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals. United States Dept. of Justice v. Julian, 486 U.S. 1, 12, 108 S.Ct. 1606, 1613 (1988) (emphasis in original). There is a "general presumption that courts will not grant third parties access to the presentence reports of other individuals." United States v. Smith, 13 F.3d 860, 867 (5th Cir. 1994), cert. denied, ___ U.S. ___, 114 S.Ct. 2151 (1994).

The ordinary confidentiality of presentence reports is supported by powerful policy considerations. These may be summarized briefly, for they have been discussed at length in other opinions. See, e.g., Julian, supra; United States v. Corbitt, 879 F.2d 224, 230-35 (7th Cir. 1989); United States v. Schlette, 842 F.2d 1574 (9th Cir. 1988), opinion amended, 854 F.2d 359 (9th Cir. 1988); Durn v. Bureau of Prisons, 804 F.2d 701, 704-05 (D.C. Cir. 1986). First, the defendant has a privacy interest in the presentence report because it reveals not only details of the

5

offense but, in the broadest terms, "any other information that may aid the court in sentencing . . . ." A PSIR routinely describes the defendant's health, family ties, education, financial status, mental and emotional condition, prior criminal history and uncharged crimes. That the defendant has pled guilty or been convicted of a crime does not require the dissemination of his entire personal background in the public domain. And despite the care with which they are prepared, PSIR's do not conform to the rules of evidence and may contain errors. Rule 32 affords a defendant an opportunity to object to errors and requires the court to resolve any factual disputes over its accuracy, but the PSIR is not usually rewritten to remove misinformation. Hence, misunderstandings about a defendant could easily arise from the routine publication of PSIR's.

Second, as a repository of investigatory evidence about the defendant's involvement in criminal activity, the PSIR often relies upon confidential informants or sources of information and may include facts obtained from proceedings before the grand jury, which are otherwise secret. Were the confidentiality of presentence reports to be freely or regularly breached, the government's access to information needed for criminal investigation would be severely compromised.

Third, relevant to the sentencing process alone, the court depends heavily upon the PSIR to fulfill the mandate of the Sentencing Guidelines and impose a just sentence. Disclosure of such reports to the public may stifle or discourage that vital

6

transmission of information by the defendants, whose contribution to a PSIR is significant, and by cooperating third parties.

While the reports themselves have historically been treated as confidential, however, the sentencing hearings in which their contents may be disclosed are not. For this reason, it is difficult to conceive that confidentiality of the information in a PSIR must be maintained under all circumstances, and no court has so held. Instead, a standard similar to that which regulates the disclosure of grand jury proceedings has evolved. As the Seventh Circuit stated in Corbitt, only where a "compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need." 879 F.2d at 239. See also, United States v. Charmer Industries, Inc., 711 F.2d 1164, 1175 (2d Cir. 1983).[3]

The district court here explicitly relied on Corbitt and Schlette in deciding that the interests of justice compelled disclosure of Huckaby's presentence report. His decision is reviewed for an abuse of discretion. Schlette, 842 F.2d at 1566-77; Charmer Industries, , 711 F.2d at 1177.

Huckaby contends that disclosure of the report on his offense "served only the purpose of providing justification to the

_____

[3]    In Schlette, the Ninth Circuit arguably articulated a less stringent standard for disclosure of a PSIR. See discussion in Corbitt, supra. We apply the Corbitt standard. Moreover, to the extent that the courts' analyses in other cases have turned on the identity of the party requesting disclosure, such as a co-defendant or news organization, this opinion does not address such possible grounds of distinction. The court divulged Huckaby's PSIR on his own initiative in the interest of community tranquility -- this opinion is limited to its unique facts.

public for the imposed sentence." He criticizes the court for failing to redact irrelevant portions of the report prior to disclosure, he complains that the report contained extensive information about extrinsic offenses, and he alleges prejudice if the report is publicized.

What Huckaby does not assert, however, is as important as the complaints he is making. He does not say to this court that any facts stated in the PSIR are incorrect. In the trial court, he objected to a number of statements in the report, causing the probation officer to make some corrections. His remaining factual contentions about the extrinsic offense evidence have been abandoned on appeal. His consistent failure to file tax returns and late filing of returns is abundantly documented by IRS records and documents from state and local taxing authorities. He has claimed no particular privacy interest in any of the information contained in the report, perhaps preferring to rest his attack on the broader ground of complete confidentiality. He has not asserted that the extrinsic offenses did not occur, although the report itself contains a self-serving exculpatory letter he submitted to the court. Apart from his consistent course of tax evasion, Huckaby has no other embarrassing criminal history revealed in the PSIR.

To protect Huckaby's legitimate privacy interest, even though he did not so request, this court amended the district court's disclosure order to exclude Part C of the PSIR titled "Offender Characteristics", and the objections by the defendant and

8

the probation officer's responses pertaining to that section. Huckaby's family history, educational background, current financial status and similar information have no bearing on the court's reasons for disclosure. As amended, the disclosure order does not significantly intrude on Huckaby or his family.

The disclosure order likewise does not impinge on the other policy reasons for maintaining confidentiality. The government does not object to disclosure of the presentence report in this case, because it distinguishes this case from those in which it has consistently urged protection of confidentiality. Here, because the information against Huckaby came from his own files, his statements to investigating officers, and IRS and other official records, there is no risk of injuring third-party informants or of prejudicing ongoing criminal investigations. Further, the criminal conduct revealed by the PSIR implicates only Huckaby, not any other person. The interests of law enforcement will not be disserved by disclosure.

There is also little risk that disclosure of this PSIR has interfered with the broader interest of justice that must be effectuated in the sentencing process. Because no confidential witnesses or informants contributed to the PSIR, disclosure affects no one except Huckaby. Huckaby had ample opportunity to offer corrections to the PSIR, reducing the risk that the court would err in its sentence. As for the general interests of the federal sentencing process, there is no reason to suppose that the

9

disclosure of part of this PSIR will lead to disclosure of reports in any but the very rarest of cases.

Contrary to Huckaby's contention, the district court had clearly balanced the desirability of publication over the need for confidentiality before he decided to release the PSIR. As the court prefaced his comments, this was a case in which it was difficult to speak but impossible to remain silent. The court summarized the allegations in the PSIR concerning Huckaby's consistent failure to file proper tax returns to federal, state and local authorities over more than a decade. Rather than read the entire PSIR into the sentencing hearing transcript, the court chose to let that report speak for itself. Huckaby does not deny that there has been widespread publicity about his case or that it has become racially inflammatory within the community. He contributed to the publicity and to the erroneous racial inferences that have been drawn. The court hoped that release of the PSIR would explain the basis of Huckaby's prosecution so as to eliminate any shadow of doubt that this proceeding was racially motivated. Rather than allow bitterness to fester within the community as a result of Huckaby's guilty plea and sentence, the court decided to juxtapose against the rhetoric on Huckaby's behalf the seamy reality of his tax avoidance.

The court took bold, extraordinary action in releasing the PSIR. He acted under a felt, compelling necessity of relieving racial tension that has accumulated because of this case. There was further a particularized need for the revelation of facts found

10

in the PSIR, because only the dispassionate reports of IRS, the contents and omissions in Huckaby's own records and the admissions and inconsistencies in Huckaby's statements to investigating authorities would persuade the public of his culpability. The court did not abuse his discretion in releasing the PSIR, as we have redacted it.

Huckaby's other challenge to his conviction and sentence may be easily disposed of. He contends that the district court abused its discretion in rejecting his attempted plea bargain with the United States. Huckaby contends that the court had no authority to reject the plea agreement, but this is not correct. United States v. Adams, 634 F.2d 830 (5th Cir. 1981); United States v. Bean, 564 F.2d 700 (5th Cir. 1977). In any event, Huckaby has not demonstrated that the court's rejection of the plea agreement prejudiced him in any way. The court accepted his guilty plea to the same charge contained in the agreement. The only possible harm that could accrue would stem from the government's decision to prosecute Huckaby on other tax offenses, but no such prosecution has been commenced. Huckaby's concern is premature at best.

Huckaby also contends that the district court erred in awarding a two-level enhancement of his sentencing level for obstruction of justice and in failing to grant him a two-point reduction for acceptance of responsibility. If the court had made both findings favorably to him, the offense level would have been reduced from 15 to 11, resulting in a Guideline Sentencing range of 8-14 months. Defendant's sentence of 12 months, albeit the

11

statutory maximum, falls approximately in the middle of this range. He cannot demonstrate that these issues would probably have resulted in his receiving a lesser sentence. Consequently, any error committed by the district court on these matters is harmless.

**CONCLUSION**

Based on the foregoing discussion, the order of the district court that unsealed the PSIR is affirmed as modified, the court did not abuse its discretion in rejecting the plea agreement between Huckaby and the United States, and appellant's challenges to his sentence are meritless.

Order <u>AFFIRMED</u> as modified; conviction and sentence <u>AFFIRMED</u>.