**UNITED STATES of America**

v.

**Ernest D. PREATE, Jr.**

**Crim. No. 1:CR–95–153.**

United States District Court,
M.D. Pennsylvania.

May 20, 1996.

Edward S.G. Dennis, Jr., John C. Dodds, Philadelphia, PA, Herbert J. Stern, Roseland, NJ, for Ernest D. Preate, Jr.

Ernest D. Preate, Jr., Duluth, MN, pro se.

William A. Behe, U.S. Attorney's Office, Harrisburg, PA, for U.S.

### *MEMORANDUM*

RAMBO, Chief Judge.

Before the court is PG Publishing's motion to unseal the transcript of an in-chambers conference held on October 16, 1995, and a document filed by the United States *in camera* on November 6, 1995. Defendant Ernest D. Preate, Jr. ("Preate") opposes the motion and the United States supports it. All three parties have filed briefs and the motion is ripe for disposition.

### I. *Background*

From 1977 to 1988, Defendant Preate was District Attorney of Lackawanna County, and in January 1989 he became Attorney General of the Commonwealth of Pennsylvania. On June 13, 1995, Preate pled guilty to a one count Information which charged that he committed mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. The Information stated that while District Attorney and a candidate for Attorney General, Preate solicited illegal campaign contributions from the operators of unlawful videopoker gambling machines and failed to properly report the contributions in disclosure forms mailed to the State Board of Elections. The plea agreement required that Preate resign from his position as Attorney General.

On October 16, 1995, the court held an in-chambers presentence conference to discuss objections by both parties to the presentence report. A court reporter transcribed the conference and inadvertently filed the transcript on the open docket. When the court learned of the inadvertent filing it ordered that the transcript be sealed.

Following the presentencing conference, the government stated that it wished to introduce evidence at the sentencing hearing which supported allegations addressed in the "offense conduct" section of the presentence report.[1] The government sought to offer

---

1. "Offense conduct" includes the offense of con- viction and all other relevant conduct, including

this evidence, ostensibly, to assist the court in assessing where in the controlling guideline range Preate should be sentenced. In order to determine whether the government possessed evidence material to Preate's sentencing which was not adequately covered in the report, the court directed the government to file an *in camera* proffer of the evidence which it proposed to introduce. The government filed the proffer on November 6, 1995, and the court concluded that the allegations addressed in it were satisfactorily included in the presentence report and therefore the government's proposed evidence could have no bearing upon Preate's sentence.

On November 13, 1995, PG Publishing filed the instant motion to unseal the conference transcript and the United States' *in camera* proffer. PG Publishing concurrently moved, without explanation, for a highly expedited briefing schedule under which the opposition brief was to be filed on November 15, 1995. The court denied the motion to expedite the briefing schedule.

On November 17, 1995, four days after PG Publishing filed its motion to unseal, it filed an emergency petition for a writ of mandamus before the Third Circuit seeking an order unsealing the conference transcript and the United States' *in camera* proffer. The Third Circuit denied PG Publishing's mandamus petition on January 17, 1996. This court subsequently directed PG Publishing, Preate and the United States to brief PG Publishing's November 13, 1995 motion to unseal.[2] The court now turns, for the first time, to the merits of that motion.[3]

## II. *Discussion*

On November 17, 1995, in response to PG Publishing's petition for a writ of mandamus, this court issued a memorandum which

explained that the documents at issue are fundamentally interconnected with the presentence report, which is a confidential document, and as such they are also confidential. In support of disclosure, PG Publishing argues that: (1) the section of the presentence report pertinent to this case, which addresses offense conduct, is not entitled to a presumption of confidentiality; and (2) even if the entire report is confidential, that confidentiality should not be extend to the October 16 conference and the United States' November 6 proffer.

### A. Confidentiality Of Presentence Reports

 It is established beyond reasonable argument that presentence reports, in their entirety, are confidential documents and that there is a strong presumption against disclosing such reports to third-parties. *See United States Dept. of Justice v. Julian,* 486 U.S. 1, 12, 108 S.Ct. 1606, 1613, 100 L.Ed.2d 1 (1987) ("[C]ourts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals.") (emphasis in original) (citing *United States v. McKnight,* 771 F.2d 388, 390 (8th Cir.1985); *United States v. Anderson,* 724 F.2d 596, 598 (7th Cir.1984); *United States v. Charmer Industries, Inc.,* 711 F.2d 1164, 1173–76 (2d Cir.1983)); *United States v. Cianscewski,* 894 F.2d 74, 79 n. 17 (3d Cir.1990) ("The presentence report has always been considered a confidential document."); *United States v. Huckaby,* 43 F.3d 135, 137–38 (5th Cir.1995); *United States v. Corbitt,* 879 F.2d 224, 229 (7th Cir.1989); *United States v. Schlette,* 842 F.2d 1574, 1578–79 (9th Cir.1988); *United States v. Figurski,* 545 F.2d 389, 391 (4th Cir.1976). The court's research has disclosed no cases holding otherwise. In view of the breadth and unanimity of the forgoing authority, the

---

other criminal acts, which may be material to determining the appropriate guideline range or where in that range a defendant should be sentenced.

2. In their briefs, both PG Publishing and the United States request relief not sought in the original motion, namely, the disclosure of all or part of the presentence report itself. Under the briefing schedule proposed by PG Publishing and

adopted by this court, Preate did not have an opportunity to respond to this new request for relief. That request is not properly before this court and, therefore, it will not be addressed.

3. Preate was sentenced by this court on December 14, 1995, while PG Publishing's petition for a writ of mandamus was pending before the Third Circuit.

court summarily rejects PG Publishing's contention that the offense conduct section of the presentence report is not confidential.[4]

## B. Confidentiality Of In–Chambers Conference And *In Camera* Proffer

The court must now decide whether the in-chambers conference and the United States' *in camera* proffer fall within the scope of the presentence report's confidentiality. PG Publishing argues that to answer this question in the affirmative "would improperly extend and apply the rule of confidentiality to information disclosed through non-confidential means merely because that information is similar to information contained in a separate document that is entitled to confidentiality." (Petitioner's Supplemental Petition for Writ of Mandamus at 4.) In support of this position PG Publishing relies upon an analogy to the attorney-client privilege, noting that "[w]hile a client may not be compelled to relate his *communications* to counsel, the *facts* related to counsel are not privileged but simply must be established outside of the attorney-client communication." (*Id.* (emphasis in original; citations omitted).)

■ PG Publishing's argument begs the question whether the documents at issue arose "outside of," or independently from, the presentence report. They did not. This court convened the October 16 conference for the very purpose of discussing the presentence report, not to discuss facts which coincidentally happened to be in the report. Similarly, the court directed the United States to file the November 6 *in camera* proffer, which elaborates on allegations in the report, so that the court could determine whether the government could offer material evidence which was not adequately covered

in the report. Such proceedings—that is, proceedings whose purpose is to examine the soundness and sufficiency of the presentence report prior to sentencing—may be entitled to a presumption of confidentiality at the discretion of the court. *See United States v. Santarelli*, 729 F.2d 1388, 1390–91 (11th Cir. 1984) (distinguishing between presumptive openness of sentencing hearings and presumptive confidentiality of presentence reports *and hearings at which report's contents are challenged*); *cf. Corbitt*, 879 F.2d at 229 (press' right to attend hearing does not necessarily entail right of access to documents submitted for use in hearing). Otherwise, parties could simply circumvent the rule of a presentence report's confidentiality by paraphrasing its contents in a document filed on the open docket, thereby rendering the rule a nullity, and making a mockery of it. Because the in-chambers conference and the *in camera* proffer are fundamentally interconnected with the presentence report, the court concludes that they are covered by the report's presumption of confidentiality.

## C. Compelling Need And The Ends Of Justice

■ This determination does not end the court's inquiry, however, for a presentence report's presumption of confidentiality is not absolute. A third-party seeking access to a presentence report may overcome the report's confidentiality by demonstrating that disclosure will "serve the ends of justice," *Schlette*, 842 F.2d at 1579; *McKnight*, 771 F.2d at 390, or by establishing a "compelling, particularized need for disclosure," *Huckaby*, 43 F.3d at 138; *Corbitt*, 879 F.2d at 239.[5] Applying this standard requires a fact specific inquiry in which the need for confidentiality is balanced against the desirability

---

4. The court notes that Federal Rule of Criminal Procedure 32, which regulates the release of presentence reports to defendants, their counsel and prosecutors, is silent on disclosure to third-parties and has no bearing on whether such disclosure is appropriate. *See Schlette*, 842 F.2d at 1578–79; *McKnight*, 771 F.2d at 390; *Charmer*, 711 F.2d at 1172–73. Therefore, notwithstanding the considerable attention which PG Publishing and Preate devoted to Rule 32 in their briefs, it does not warrant further discussion.

5. One court has suggested that the "compelling, particularized need" language may be more stringent than the "ends of justice" standard, *Huckaby*, 43 F.3d at 138, while another has used the two formulations interchangeably in its discussion of the issue, *Charmer*, 711 F.2d at 1174–76. This court is doubtful that when faced with a particular set of facts a court would reach different outcomes according to which language it applies. In any event, even if there are two distinct standards, this court need not select one because the outcome of the instant motion will be the same under either.

of releasing a presentence report. *Huckaby,* 43 F.3d at 139; *Schlette,* 842 F.2d at 1579, 1583; *Charmer,* 711 F.2d at 1173. The showing required of the party seeking disclosure will vary with the degree to which the need for confidentiality is present in a particular case. *Schlette,* 842 F.2d at 1583 (citing *United States Indus., Inc. v. United States Dist. Court,* 345 F.2d 18, 21 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965)). This determination is committed to the sound discretion of the trial court and will be reviewed for abuse of discretion. *Huckaby,* 43 F.3d at 138; *Schlette,* 842 F.2d at 1577.

### 1. The Need For Confidentiality

■ Three interests have been recognized as underlying the need for a presentence report's confidentiality:

> First, the defendant has a privacy interest in the presentence report because it reveals not only details of the offense but, in the broadest terms, "any other information that may aid the court in sentencing...." A PSIR [presentence report] routinely describes the defendant's health, family ties, education, financial status, mental and emotional condition, prior criminal history and uncharged crimes. That the defendant has pled guilty or been convicted of a crime does not require the dissemination of his entire personal background in the public domain. And despite the care with which they are prepared, PSIR's do not conform to the rules of evidence and may contain errors.

> . . . . .

> Second, as a repository of investigatory evidence about the defendant's involvement in criminal activity, the PSIR often relies upon confidential informants or sources or information and may include facts obtained from proceedings before the grand jury, which are otherwise secret. Were the confidentiality of presentence reports to be freely or regularly breached, the government's access to information needed for criminal investigation would be severely compromised.

> Third, relevant to the sentencing process alone, the court depends heavily upon the PSIR to fulfill the mandate of the Sentencing Guidelines and impose a just sentence. Disclosure of such reports to the public may stifle or discourage that vital transmission of information by the defendants, whose contribution to a PSIR is significant, and by cooperating third parties.

*Huckaby,* 43 F.3d at 138; *see also Corbitt,* 879 F.2d at 229–35 (setting forth and discussing in detail the same three interests).

The latter two factors, which are general policy considerations, do not deserve significant weight in this case. The unique facts of the case are such that the best rational for disclosure, which, as will be discussed below, turns upon Preate's status as a public official, has no bearing upon the overwhelming majority of criminal cases. Therefore, permitting disclosure here does not threaten to compromise the government's general interest in access to information needed for criminal investigations, or the free flow of information to courts which is material to sentencing. *See Huckaby,* 43 F.3d at 139 (In support of its decision to release the presentence report of a judge convicted of tax evasion, the court stated: "there is no reason to suppose that the disclosure of part of this PSIR will lead to disclosure of reports in any but the very rarest of cases.").[6]

Preate's case for nondisclosure therefore will depend upon the first factor supporting confidentiality—a criminal defendant's privacy interest in his or her presentence report. The potential harm to Preate's privacy interest is significantly mitigated because the documents at issue disclose only information contained in the "offense conduct" section of the report. They do not contain the type of information regarding which *Huckaby* and *Corbitt* express the greatest concern, namely, personal background information such as family ties, financial status and mental condition.

■ Granted, Preate does have some privacy interest in the offense conduct section of

---

**6.** The court notes that no party has suggested that disclosure of the documents at issue could

compromise any ongoing criminal investigation or the security of any individual.

the report, particularly because such reports often contain allegations of wrongdoing which are not admissible, or even particularly reliable, but which the court may weigh for sentencing purposes. *See Huckaby,* 43 F.3d at 138; *Corbitt,* 879 F.2d at 230. Even with respect to this portion of the report, however, the court believes that Preate has a lesser privacy interest than exists in the usual case. The Supreme Court has stated:

> An individual who decides to seek governmental office must accept certain necessary consequences of that involvement in public affairs. He runs the risk of closer public scrutiny than might otherwise be the case. And society's interest in the officers of government is not strictly limited to the formal discharge of official duties.

*Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 344, 94 S.Ct. 2997, 3009, 41 L.Ed.2d 789 (1974). Rather, the public has an interest in being informed of "anything which might touch on a official's fitness for office." *Garrison v. Louisiana,* 379 U.S. 64, 77, 85 S.Ct. 209, 217, 13 L.Ed.2d 125 (1964).[7] At the time of sentencing, this court ruled that the offense to which Preate pled guilty involved an abuse of his office as District Attorney. Consequently, the offense conduct section of the report contains an account of the probation department's investigation into the circumstances surrounding Preate's abuse of a public office. His privacy interest in this material cannot be given much weight.

### 2. The Desirability Of Disclosure

Notwithstanding the presumptive confidentiality of the documents at issue, PG Publishing has a cognizable interest in their disclosure which is rooted in the "common law right to inspect and copy public records and documents, including judicial records and documents." *Schlette,* 842 F.2d at 1582 (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55

L.Ed.2d 570 (1978)) (internal quotations omitted). This interest embraces a newspaper's desire to "keep a watchful eye on the workings of public agencies," and to "publish information concerning the operation of government." *Id.* Furthermore, where a defendant was a public official when he or she committed a crime, courts have found that the public's interest in full disclosure, and in understanding the sentencing process, may be sufficient to overcome the need for confidentiality and warrant press access. *Huckaby,* 43 F.3d at 139–40; *Corbitt,* 879 F.2d at 239–40.[8] Such a finding will be more likely if a public official's crime relates to his or her office, *Corbitt,* 879 F.2d at 240, if the case receives widespread media attention, or if the official makes self-serving public statements about his or her conviction, *Huckaby,* 43 F.3d at 139.

These standards speak strongly in favor of disclosure. Preate committed the crime to which he pled guilty when he was a District Attorney, and the crime constituted an abuse of his law enforcement authority. To make matters worse, he undertook this criminal abuse of office in furtherance of a successful campaign to obtain the position of Attorney General, the highest law enforcement position in Pennsylvania. The case attracted massive press attention, and inspired more public interest in a defendant's sentencing, as measured by the volume of mail the court received on the topic, than in any previous case adjudicated by this court. Preate himself certainly inspired some of the popular interest with his public declarations that his prosecution was political and that the United States did not have significant evidence against him. The United States vehemently argues that such statements tended to mislead and confuse the public and to undermine confidence in Preate's conviction. Under these exceptional circumstances, the court believes that there is a strong public interest

---

**7.** While these cases address the privacy interest of public officials asserting defamation suits against the press, the court believes that they offer persuasive authority for weighing a public official's privacy interest in the present context as well.

**8.** One court has permitted third-party access to a presentence report when the victim, rather than the perpetrator, of a crime was a public official. *Schlette,* 842 F.2d at 1582–83 (ordering disclosure of presentence report based in part on legitimate public interest in case of prosecutor murdered by individual he successfully prosecuted).

in giving the citizens of Pennsylvania access to the documents sought by PG Publishing.

Having weighed the limited interest in confidentiality in this case against the substantial desirability of third-party access, the court concludes that there is a compelling need for disclosure to meet the ends of justice. Accordingly, the court will file the United States' November 6 evidentiary proffer and the transcript of the October 16 conference on the open docket. An appropriate order will be issued.