

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-1996

# United States v. Preate

Precedential or Non-Precedential:

Docket 95-7651

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Preate" (1996). *1996 Decisions.* Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 95-7651
_____

UNITED STATES OF AMERICA

v.

ERNEST D. PREATE, JR.

PG PUBLISHING,
                    Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Cr. No. 95-cr-00153)

_____

Argued:  June 4, 1996

        Before: BECKER, MANSMANN, Circuit Judges, and
BROTMAN, District Judge.

(Filed July 30, 1996)

Robert B. Hoffman, Esquire (ARGUED)
W. Thomas McGough, Jr., Esquire
Renee C. Mattei, Esquire
Reed, Smith, Shaw & McClay
213 Market Street, 9th Floor
P.O. Box 11844
Harrisburg, PA   17108

Attorney for Appellant

William A. Behe, Esquire (ARGUED)
David M. Barasch, Esquire
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

Attorney for United States of America, Appellee

Edward S. G. Dennis, Jr., Esquire
Victor T. Limongelli, Esquire (ARGUED)

John C. Dodds, Esquire
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia, PA   19103

Attorney for Ernest D. Preate, Jr., Appellee

_____

OPINION OF THE COURT
_____

BECKER, Circuit Judge.

The ultimate question in this appeal is whether the district court abused its discretion in declining to continue a sentencing proceeding so that a newspaper could fully litigate its motion to unseal sentencing documents. The defendant has now been sentenced and the district court, after sentencing, unsealed the requested material. The continuance question, however, is capable of repetition yet evading review, and hence the appeal is not moot. Reaching the merits, we conclude that the district court did not abuse its discretion in refusing to postpone the sentencing. We will therefore affirm the judgment of the district court.

I.  Facts and Procedural History

Like most media access cases, this one revolves around a cause celebre. The central character in the affair is Ernest Preate, formerly Attorney General of Pennsylvania. Preate pled guilty to a one count Information charging him with mail fraud in connection with illegal campaign contributions.

On October 16, 1996, the district court held an in-chambers conference at which the government and defense counsel discussed objections by both parties to Preate's presentence report. United States v. Preate, No. Crim.1:CR–95–153, 1996 WL 271843 (M.D. Pa. May 20, 1996). A court reporter filed the transcript of the proceedings. On October 23, 1995, the court issued a one sentence order directing that "the transcript of the October 16, 1995, in-chambers conference [be] sealed until further order of court." Appellant's Brief at 3. After the conference, the government wished to offer evidence supporting the sentencing enhancements it was seeking. The court directed that the government submit an in camera proffer of this evidence. The government did so on November 6, 1995.

On November 13, 1995, appellant PG Publishing, publisher of the Pittsburgh Post-Gazette, moved to unseal the in camera submission and the transcript of the in-chambers conference. Via this motion, PG Publishing sought to expose the full facts of Preate's offense to public view.

Concluding that the district court would not reach the merits of its motion prior to Preate's December 14, 1995, sentencing, PG Publishing filed with this Court on November 16, 1995, an Emergency Petition for a Writ of Mandamus. In the wake of this filing, the district court took no action on the motion

to unseal (except to place its reasons for sealing on the record).

On December 6, 1995, PG Publishing moved in the district court to continue the sentencing pending court of appeals action on its mandamus petition. In the same motion, PG Publishing also sought intervenor status. Although the government had consistently supported PG Publishing with respect to open proceedings, it opposed the motion to continue sentencing. Preate also opposed the motion. By Order of December 8, 1995, the district court denied the Motion to Continue Sentencing and further denied PG Publishing intervenor status. The Order explained the basis for these actions: PG Publishing "fails to explain what harm it will suffer if Defendant is sentenced before the Third Circuit rules on its mandamus petition, or what interest it has in the date of Defendant's sentencing." Appellant's Brief at 6. On December 9, 1995, PG Publishing filed the Notice of Appeal that is presently before us.

On December 11, 1995, PG Publishing filed with this Court an emergency motion to stay sentencing pending determination of its emergency petition for Writ of Mandamus. We denied that motion on December 12, 1995. On December 14, 1995, Preate was sentenced. On January 17, 1996, we denied the Petition for a Writ of Mandamus, "without prejudice to the petitioner seeking whatever relief it deems appropriate if the district court denies its motion to unseal the documents." Id. at 7.

On May 20, 1996, shortly before this appeal of the December 8, 1995, continuance ruling was scheduled to be heard, the district court granted PG Publishing's November 15, 1995, motion to unseal the transcript and the in camera proffer. The government and Preate, having moved to dismiss this appeal as moot because Preate had already been sentenced, supplemented their motion, referencing this new order as an additional ground for dismissal. PG Publishing filed papers in opposition.

## II.  Mootness

PG Publishing argues that the district court erred in denying its motion to continue sentencing. Both Preate and the government maintain that this appeal is moot because Preate has already been sentenced. While it is true that Preate cannot be "unsentenced," this appeal is not moot because, as PG Publishing contends, the issue is capable of repetition yet evading review. See, e.g., Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1008 n.7 (3d Cir. 1995).

The fact is that there will almost never be enough time between a motion by the media to continue a sentencing and the date of the sentencing to permit an access issue to be fully litigated (at the trial and appellate levels). Under such circumstances, our case law makes clear that the issue is not moot. See, e.g., United States v. Antar, 38 F.3d 1348, 1356 (3d Cir. 1994) (challenge to sealing of voir dire transcript not mooted by conclusion of criminal trial); United States v. A.D., 28 F.3d 1353, 1355 n.1 (3d Cir. 1994) (PG Publishing's motion to

intervene and to unseal juvenile records not mooted by conclusion of proceedings against juveniles); United States v. Simone, 14 F.3d 833, 836 (3d Cir. 1994) (newspaper's motion to intervene and for access to closed post-trial proceeding not moot after proceedings were closed and concluded); United States v. Raffoul, 826 F.2d 218, 222 (3d Cir. 1987) (closure of courtroom during defendant's testimony not moot though proceedings are concluded); United States v. Criden, 675 F.2d 550, 553-54 (3d Cir. 1982) (sealing of pre-trial hearing and transcript not moot though proceeding concluded and transcript publicly available).

### III. Did the District Court Abuse Its Discretion in Refusing to Continue the Sentencing

We review the district court's decision to deny PG Publishing's request for continuance for abuse of discretion. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 777, 783 (3d Cir. 1994). This is an issue that need not detain us long. We note at the outset the basic proposition that our review of matters pertaining to calendar management by the district courts, including the scheduling of sentencing proceedings, is extremely deferential. See Lacey v. Cessna Aircraft Co., 932 F.2d 170, 178 (3d Cir. 1991).

Our earlier cases, including Criden and Raffoul, have stressed that pretrial or trial motions for closure be docketed in order to allow interested members of the public to protest such closure. See United States v. Raffoul, 826 F.2d 218, 221 (3d Cir. 1987); United States v. Criden, 675 F.2d 550, 559 (3d Cir. 1982). However, we have never held that an open sentencing proceeding be delayed while the propriety of closure of documents relevant to that proceeding is litigated. We decline to do so under the unique set of facts presented here.

In this particular case, the district court was confronted with an extraordinarily high profile situation. The publicity had been enormous throughout all of Pennsylvania. The United States Attorney's Office was pressing for an early sentencing to prevent the defendant, the State's chief law enforcement officer, from further disseminating, through statements reported in the media, his allegedly misleading "spin" on the facts of his conviction. It properly wanted to conclude this important case as soon as possible. The defendant himself opposed a continuance. The sentencing was open and could be reported, hence there was no "news blackout." We cannot say that, under those circumstances, the district court abused its discretion in refusing to continue the sentencing. Its order denying the motion for continuance will therefore be affirmed.

----------------------