UNITED STATES of America,

v.

F. Joseph LOEPER, Jr.

No. CRIM. A. 00–657.

United States District Court,
E.D. Pennsylvania.

Feb. 23, 2001.

William J. Winning, Cozen and O'Connor, Philadelphia, PA, for F. Joseph Loeper, Jr.

Catherine Votaw, Gregory Paw, United States Attorney's Office, Philadelphia, PA, for U.S.

## MEMORANDUM

BARTLE, District Judge.

The question presented is whether the news media are entitled to a copy of the defendant's presentence investigation report ("PSI") under the circumstances of this case.

This court recently sentenced defendant F. Joseph Loeper, Jr. to six months imprisonment and imposed a fine of $20,000. He had pleaded guilty to a one count information charging him with corruptly endeavoring to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). Prior to resigning as a condition of his guilty plea agreement, defendant served for 22 years as a Senator in the Pennsylvania General Assembly from Delaware County and for 12 years as the Majority Leader of the State Senate.

 The case has generated significant media interest. We now have before us

the motion of Shannon P. Duffy, a free-lance reporter covering the federal courts in Philadelphia for various publications including *The Legal Intelligencer* and *The Delaware County Daily Times,* for access to defendant's PSI. Mr. Duffy claims a common law right of access. We have allowed him to intervene in order to pursue the limited relief he has requested. *See United States v. Cianfrani,* 573 F.2d 835, 843 (3d Cir.1978); *see also Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3d Cir.1994). The defendant opposes the intervenor's motion for access to his PSI. The Government takes no position on the actual disclosure of this particular PSI but urges the court to place great weight on the traditional confidentiality of such reports.

Prior to 1975, PSI's were available to the court only and were not even disclosed to defendants. *See United States Dep't of Justice v. Julian,* 486 U.S. 1, 9, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988); *United States v. Trevino,* 89 F.3d 187, 190 (4th Cir.1996). Thereafter, and until 1983, defendants could petition the court for access. *See id.* Consistent with 18 U.S.C. § 3552(d), Rule 32(b)(6)(A) of the Federal Rules of Criminal Procedure now requires that "the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government." The statute and rule are silent, however, on whether the PSI may be disclosed to third parties. Nonetheless, courts have continued to deem the PSI to be confidential. While it has not addressed the specific issue before us, the Supreme Court in *Julian* observed that

"courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." 468 U.S. at 12, 104 S.Ct. 2901.

■ The purpose of the PSI, prepared by a probation officer,[1] is to aid the court in fashioning a fair and just sentence within the limits of its authority granted by Congress and the Sentencing Guidelines. *See* 18 U.S.C. § 3552; *United States v. Charmer Indus., Inc.,* 711 F.2d 1164 (2d Cir.1983). The PSI is designed to present as complete a picture about the defendant as possible, with information about his or her family, education, finances, health, prior criminal conduct, as well as the facts and circumstances surrounding the pending charges before the court. Rule 32(b)(4) provides:

> The presentence report must contain—(A) information about the defendant's history and characteristics, including any prior criminal record, financial condition, and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence or in correctional treatment....

Personal information about the victim as well as discussion about co-defendants or co-conspirators may also be included. *See* Fed.R.Crim.P. 32(b)(4)(D). Congress has placed no limitation on the types of information a court may consider about a defendant during sentencing. *See* 18 U.S.C. § 3661.[2]

In order to do their jobs, probation officers who are writing PSI's must seek out relevant information from available

---

**1.** .Probation Officers are appointed by the court in the district in which they serve and "are under the direction of the court making the appointment." 18 U.S.C. § 3602(a).

**2.** Title 18 U.S.C. § 3661 provides:
No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Rule 32(b)(5) does exclude certain information from the PSI itself, including diagnostic opinions that could disrupt rehabilitation, "sources of information obtained upon a promise of confidentiality," and any other information whose disclosure could result in harm to the defendant or others. Even though not included in the PSI, this information is still available to the court. *See* Fed. R.Crim.P. 32(c)(3)(A).

sources including the defendant and other knowledgeable persons who are willing to speak freely and candidly. The probation officer does not have subpoena power. In fact, the Probation Office has advised us that it is not uncommon for persons to provide information on condition that it will not be made public. We conclude, as other courts have done, that the general release of PSI's would necessarily have a chilling effect on the willingness of many individuals or entities to disclose what they know. *See Julian,* 486 U.S. at 12, 108 S.Ct. 1606; *United States v. Huckaby,* 43 F.3d 135, 138 (5th Cir.1995); *United States v. Corbitt,* 879 F.2d 224, 232 (7th Cir.1989). This chilling effect weighs heavily in favor of maintaining the confidentiality of the PSI.

In addition, there are privacy interests of the defendant and others that caution against public dissemination of PSI's. As the intervenor recognizes, the PSI contains detailed personal data about defendant's health, family, and finances. This is highly relevant material for the court to consider in determining a sentence. *See Huckaby,* 43 F.3d at 138. Again, there is a real danger that much of this material would not be forthcoming if the defendant or the family members or acquaintances of the defendant have reason to believe that it will become part of the public record. As a result, the ability of the court to perform its sentencing function would be adversely affected.

The Government's interest in protecting informants, government witnesses, and ongoing investigations is also advanced by not releasing PSI's. *See Julian,* 486 U.S. at 12, 108 S.Ct. 1606; *Corbitt,* 879 F.2d at 235. At times the PSI includes information that could be detrimental to the safety or prosecution of other individuals as well as the defendant should third parties have access to it.

We note that the PSI may contain unverified hearsay obtained by the probation officer during his or her investigation. *See Charmer Indus.,* 711 F.2d at 1175. "[P]re-sentence investigation reports are not constrained by rules of evidence or procedure, and may include allegations that the defendant has committed other offenses. The defendant is given only a limited opportunity to rebut the factual allegations contained in the report." *Corbitt,* 879 F.2d at 232. It is unfair not only to defendants but to others to make information public that may be incorrect or untrustworthy without first holding a hearing to determine where the truth lies. *See id.* at 232. Since persons other than the defendant do not have notice of what is being said about them in the PSI, they have no practical way of protecting themselves. Dealing fairly with this problem would further prolong and complicate an already often prolonged and complicated sentencing process.

While our Court of Appeals has not specifically decided whether or under what circumstances the public should have access to PSI's, it has addressed the issue of a defendant's access to his co-defendants' PSI's. *See United States v. Blanco,* 884 F.2d 1577 (3d Cir.1989). In refusing to grant the defendant access, the court acknowledged that "[t]here is a general presumption that the courts will not grant third parties access to the presentence reports of other individuals." *Id.* at 1578. Other courts have addressed the issue of public access to PSI's more extensively. *See Huckaby,* 43 F.3d 135; *Corbitt,* 879 F.2d 224; *United States v. Schlette,* 842 F.2d 1574 (9th Cir.1988); *United States v. Preate,* 927 F.Supp. 163 (M.D.Pa.1996). Although courts have generally endorsed the reasons outlined above for maintaining the confidentiality of a PSI, they agree that confidentiality is not absolute. There is a presumption of confidentiality, but it may be overcome under certain circumstances. *See Huckaby,* 43 F.3d at 138; *Preate,* 927 F.Supp. at 166; *cf. Schlette,* 842 F.2d at 1579–80. While the standard for access varies somewhat among the cases, we believe the test laid down by the Seventh Circuit in *Corbitt* is well reasoned

and puts into proper focus the competing considerations involved. *Corbitt* held, "only where a compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the demonstrated need." 879 F.2d at 239.

■ We reject the intervenor's suggestion that the burden of proof should be on the defendant or the Government to maintain confidentiality rather than on the third party seeking access to the PSI. In civil cases, it is true that the Third Circuit has placed the burden on the parties seeking to maintain confidentiality to show good cause why the disclosure should not be ordered. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984). We are not persuaded, however, that the decisions in the civil context involving confidentiality orders are controlling.

The factors we have outlined above for the confidentiality of the PSI compel the placing of the burden on the party seeking access. The court requires the information contained in a PSI in order to determine a fair and just sentence for the protection and good of society and for rehabilitative purposes. We not only have before us liberty interests but often safety, investigatory, and personal privacy concerns not generally present, at least to the same extent, in a civil setting. While confidentiality is not absolute, the court must be careful not to lower the bar too far if it expects to have the free flow of information needed to perform its vital sentencing duties. Given the compelling reasons for confidentiality, the burden here must remain on the party seeking to lift the veil.

The intervenor bases his argument for access to the PSI on the common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct.

1306, 55 L.Ed.2d 570 (1978). He contends that access to the PSI is "essential to gain a complete understanding of the court's decisions in sentencing" and that "[k]eeping the PSI under seal will risk jeopardizing the public's confidence in the court's decisions and invite unwarranted speculation about its contents." Mem. in Supp. of Mot. for Access to the Presentence Investigation Report at 8, 11. Because the defendant was a public official when he committed the crime, and the "victim" is the public itself, the intervenor argues that the traditional confidentiality concerns and privacy interests are not present.

■ We must determine whether to grant the intervenor and the public access to the PSI by weighing the privacy and institutional interests that favor confidentiality of PSI's against the public's interest in this particular PSI. Access will be granted only if a "compelling, particularized need for disclosure is shown." *Corbitt*, 879 F.2d at 239. We acknowledge that defendant's status as a publicly elected official diminishes his privacy interest in his PSI. As the court in *Preate* explained, "where a defendant was a public official when he or she committed a crime, courts have found that the public's interest in full disclosure, and in understanding the sentencing process, may be sufficient to overcome the need for confidentiality and warrant press access." 927 F.Supp. at 168. Nonetheless, defendant's privacy interest, as the intervenor recognizes, is not entirely eliminated simply because he is a public official. He and his family still have legitimate concerns in not having the intimate details of their lives disclosed to the public.

The Government's interest in the confidentiality of the PSI is likewise diminished in this case because it has advised us that the PSI contains no Grand Jury or confidential informant. Further, there was nothing in it that would compromise an ongoing criminal investigation or the safety of any person.

The intervenor relies on two cases where the courts permitted access to the PSI of a public figure: *Huckaby* and *Preate.* In *Huckaby* the district court in Louisiana released portions of the PSI on its own accord in order to relieve racial tension that had accumulated in the community due to the defendant's prosecution. 43 F.3d at 140. Many people in the community believed that Huckaby, a state court judge, was being prosecuted for income tax evasion because of his race. *See id.* at 137. The PSI contained information demonstrating that Huckaby had not filed timely federal income tax returns for himself and his law practice for 12 years. The district court concluded that the release of the above information would eliminate the misconception that the case was racially motivated. *See id.* The Fifth Circuit affirmed, finding that the district court had "acted under a felt, compelling necessity of relieving racial tension that has accumulated because of this case." *Id.* at 140. In *Preate,* the court unsealed the transcript of an in-chambers conference discussing the PSI upon motion of a newspaper publisher. 927 F.Supp. at 169. Preate, the Attorney General of Pennsylvania, had pleaded guilty to mail fraud that he committed while he was District Attorney of Lackawanna County and a candidate for Attorney General. *See id.* at 164. At his sentencing the court ruled that the crime was an abuse of his office as District Attorney. *See id.* at 168. This, coupled with the fact that Preate made "self-serving statements" about his prosecution being political and unsupported by evidence, led the court to conclude that there was "a compelling need for disclosure to meet the ends of justice." *Id.* at 168.

In both *Huckaby* and *Preate,* there existed a compelling particularized need for disclosure, above and beyond what could be characterized as the public's general interest in what the PSI contained or in understanding the sentencing process.

One case involved an issue of racial bias and the other concerned continued assertions of innocence and a judicial finding that the crime constituted an abuse of public office. No such special issues or concerns of this kind exist in the matter before us.[3]

Furthermore, "[a] central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources." *Charmer Indus.,* 711 F.2d at 1177. In this case a significant amount of personal and other information about the defendant is readily accessible elsewhere. The defendant has been a State Senator and in the public eye for 22 years. He signed a seven page guilty plea agreement, a public document, which outlines the circumstances of his crime. The Government also filed a guilty plea memorandum and sentencing memorandum, both of which are available to anyone who wants to read them. His guilty plea and sentencing took place in open court. Two other persons with whom he was involved in business dealings have pleaded guilty to crimes in this court, and their guilty plea agreements are also public. The availability of this information bolsters our conclusion that disclosure of the contents of defendant's PSI is not compelled.

While concededly the defendant's privacy interest may not be as strong here as in other cases and safety concerns and investigatory needs of the Government are not present, strong institutional needs for confidentiality nonetheless remain. If the PSI or a portion of it is made public in a case such as this, probation officers will no longer be able to assure their sources that the information they provide will remain under seal. If disclosure becomes commonplace, persons supplying information for PSI's in future cases are unlikely to be

3. The issue as to whether defendant's crime constituted an abuse of his position as a State Senator was not raised at his sentencing hearing by any party and no finding on this subject was made.

as forthcoming as they are now. This consequence in turn will impede the already difficult task of fashioning a fair and just sentence.

Because the intervenor has not shown a compelling, particularized need for disclosure, we will deny his motion for access to the PSI of F. Joseph Loeper, Jr. *See Corbitt,* 879 F.2d at 239.