

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00096-CV
_____

VICTOR ANTOLIK, Appellant

V.

DENNIS ANTOLIK, Appellee

On Appeal from the 345th District Court
Travis County, Texas
Trial Court No. D-1-GN-17-000655

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Victor Antolik and his brother, Dennis, settled several lawsuits with Garrett Jennings for $1.4 million, with the brothers agreeing to split the settlement proceeds. Under the brothers' oral agreement, Dennis was to receive $600,000.00, $200,000.00 of which he received. When Victor failed to pay him the $400,000.00 balance, Dennis filed this suit alleging that Victor breached their oral contract. After a bench trial, the 354th Judicial District Court of Travis County[1] entered judgment in favor of Dennis for $250,000.00 and awarded him attorney fees.[2]

In this pro se appeal, Victor complains that the statute of frauds precludes Dennis' recovery, the trial court abused its discretion by admitting an allegedly confidential document, the trial court committed several errors in its evidentiary rulings, the trial court abused its discretion

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]In its findings of fact, the trial court found that, during the course of the bankruptcy proceedings of Cheval Manor, LLC (Cheval), an entity owned by Dennis, certain real property on which Cheval conducted business was sold to Victory Cheval Holdings, LLC (Victory Cheval), an entity owned by Victor and Garrett Jennings. The trial court entered a number of unchallenged findings of fact, which are supported by the evidence. *See In re E.R.C.*, 496 S.W.3d 270, 288 (Tex. App.—Texarkana 2016, pet. denied) ("Unchallenged findings of fact are binding unless there is no evidence to support the finding or the contrary is established as a matter of law." *McElwrath v. McElwrath*, No. 03-14-00487-CV, 2016 WL 1566624, at *1 (Tex. App.—Austin Apr. 13, 2016, no pet.) (mem. op.) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986))).

Dennis was to receive a lease back on the property to continue equine activities. After disputes arose among these parties, Victory Cheval, Jennings, Victor, and Dennis asserted claims against each other in an action filed in a Travis County district court, and a separate action was filed by Victory Cheval to evict Dennis and Victor from the property (the Victory Cheval Lawsuits).

All the parties ultimately agreed to settle the Victory Cheval Lawsuits. The settlement was structured as a purchase of Victor's interest in Victory Cheval by Jennings for $1.4 million, with Dennis releasing all claims against Jennings and Victory Cheval (the Settlement). The Settlement was documented in a mediation agreement and an escrow agreement, both of which were signed by Victor and Dennis in late December 2015. Victor and Dennis agreed to split the proceeds of the Settlement, with Dennis to receive $600,000.00, but their agreement was not reduced to writing. Victor paid Dennis some amounts of money, including a $200,000.00 payment. Separately, Victor, who is currently incarcerated for tax fraud, represented in a pre-sentencing disclosure of assets that he owed Dennis $250,000.00.

by denying Victor's motion for continuance, and one of the documents admitted into evidence was fraudulent. Because we find that (1) the statute of frauds does not bar Dennis' recovery, (2) admitting the allegedly confidential document was not an abuse of discretion, (3) denying Victor's motion for continuance was not an abuse of discretion, and (4) Victor's evidentiary complaints and his complaint regarding the allegedly fraudulent document were not preserved, we will affirm the trial court's judgment.

*(1)     The Statute of Frauds Does Not Bar Dennis' Recovery*

Victor challenges the trial court's finding that the agreement was performable within one year and its conclusion that the oral agreement was not within the statute of frauds.[3] Within this issue, Victor argues that the time for the performance of the contract was too indefinite to be binding,[4] and if there was an agreement, certain testimony of Dennis shows that it was not to be completed within one year of its making.

In reviewing a trial court's conclusions of law, we determine whether the trial court correctly applied the law to the facts. *BMC Software Belgium, NV v. Marchand*, 83 S.W.3d 789,

---

[3]The parties disputed whether the statute of frauds was tried by consent. When the trial began, Victor's live pleadings did not assert the statute of frauds as an affirmative defense. During Dennis' rebuttal testimony, Victor elicited testimony, without objection, regarding when the agreement was formed and when the final payment by Victor was due. At the conclusion of the evidence, Victor moved for directed verdict, arguing that the statute of frauds barred the agreement since it could not be completed within one year. Dennis only argued that Victor's partial performance was sufficient to remove the agreement from the statute of frauds. Post-trial, Victor filed a motion to amend his answer to include, inter alia, a statute of frauds affirmative defense. Although the trial court entered a finding that the statute of frauds was not tried by consent, it also entered a finding that the agreement was performable within one year and concluded that the agreement was not within the statute of frauds. Based on this record, we find that the statute of frauds defense was before the trial court and tried by consent. *See* TEX. R. CIV. P. 67.

[4]It is unclear whether Victor argues on appeal that other terms of the contract were also indefinite. However, at trial, he only argued that the time for repayment was indefinite. Consequently, by not arguing the indefiniteness of any other terms at trial, he has not preserved any complaint regarding them for our consideration. *See* TEX. R. APP. P. 33.1(a).

794 (Tex. 2002); *Monasco v. Gilmer Boating & Fishing Club*, 339 S.W.3d 828, 834 (Tex. App.—Texarkana 2011, no pet.). We review conclusions of law de novo. *Marchand*, 83 S.W.3d at 794; *Monasco*, 339 S.W.3d at 834.

Victor does not state whether he challenges the legal or factual sufficiency of the trial court's finding that the agreement was performable within one year. Therefore, we will review it as a challenge to both. We conduct a "legal and factual sufficiency review of a trial court's findings by the same standards applied when reviewing evidence supporting a jury's verdict." *Monasco*, 339 S.W.3d at 830 (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)).

A party who challenges the legal sufficiency of a trial court's adverse finding on an issue on which the party has the burden of proof "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)). To make this determination, we "first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary." *Bowman v. Davidson*, No. 06-14-00094-CV, 2015 WL 3988675, at *1 (Tex. App.—Texarkana July 1, 2015, no pet.) (mem. op.) (quoting *Francis*, 46 S.W.3d at 241). If the adverse finding is not supported by any evidence, we "then examine the entire record to determine if the contrary proposition is established as a matter of law." *Id.* (quoting *Francis*, 46 S.W.3d at 241). We will sustain the issue "only if the contrary proposition is conclusively established." *Francis*, 46 S.W.3d at 241 (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)).

4

If the party challenges the factual sufficiency of the evidence on such an issue, he or she "must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Id.* at 242 (citing *Croucher*, 660 S.W.2d at 58). In our review, we "consider and weigh all of the evidence, and [we] set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986), *overruled on other grounds by Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388 (Tex. 2000)).

In our review, we must credit evidence favorable to the finding if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Hampden Corp. v. Remark, Inc.*, No. 05-13-00529-CV, 2014 WL 2921655, at *6 (Tex. App.—Dallas June 25, 2014, pet. denied) (mem. op.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In a bench trial, the trial court, as the fact-finder, alone decides the credibility of the witnesses and the weight of their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). As sole arbiter of a witness' demeanor and credibility, the trial court may believe all, part, or none of a witness' testimony. *In re E.M.*, No. 06-17-00083-CV, 2017 WL 5586633, at *2 (Tex. App.—Texarkana Nov. 21, 2017, no pet.) (mem. op.) (citing *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam)). We view the evidence in the light most favorable to the judgment and presume the trial court resolved all conflicts in the evidence in support of the judgment. *Wilson*, 168 S.W.3d at 820.

As applicable to this case,[5] the statute of frauds renders an oral agreement unenforceable if it cannot be performed within one year from the date of making the agreement. *Monasco*, 339 S.W.3d at 838 (citing TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6) (West 2015); *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982) (per curiam)). Whether an agreement is within the statute of frauds is a question of law. *Id*. (citing *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). "[W]here the parties do not fix the time of performance and the agreement itself does not indicate that it cannot be performed within one year, the contract does not violate the statute." *Niday*, 643 S.W.2d at 920 (per curiam) (citing *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773 (Tex. 1974)). In that situation, the duration of the agreement may be implied from extrinsic evidence. *Id*. Only if that evidence shows that the agreement cannot be performed within one year will the agreement violate the statute of frauds. *Id*. "The fact that the entire performance within one year is not required or expected will not bring an agreement within the statute." *Monasco*, 339 S.W.3d at 838 (citing *Niday*, 643 S.W.2d at 920); *Walker v. Tafralian*, 107 S.W.3d 665, 668–69 (Tex. App.—Fort Worth 2003, pet. denied).

At trial, Dennis testified that, in the underlying lawsuits, he asserted claims against Jennings and Victory Cheval for damages. These lawsuits were eventually settled by Victor selling his shares of Victory Cheval to Jennings and Dennis relinquishing his claims against Jennings and

---

[5]On appeal, Victor also argues that the oral agreement was within the statute of frauds because it was either a contract for the sale of real estate, a lease of real estate, or a loan agreement exceeding $50,000.00 *See* TEX. BUS. & COM. CODE ANN. §§ 26.01(a), (b)(4), (5), 26.02(b) (West 2015). However, Victor did not request additional or amended findings of fact relating to these issues after the trial court entered its original findings of fact that did not include findings on these issues. As a result, Victor has forfeited his complaints related to these issues. *Estate of Gibson*, No. 06-17-00059-CV, 2017 WL 4799013, at *4 (Tex. App.—Texarkana Oct. 25, 2017, no pet.) (mem. op.) (citing *Friend v. Friend*, No. 02-15-00166-CV, 2016 WL 7240596, at *3 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op.); *Villalpando v. Villalpando*, 480 S.W.3d 801, 810 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

Victory Cheval. The mediation agreement in the Victory Cheval Lawsuits provided that Jennings would pay Victor and Dennis $1.4 million in exchange for Victor's membership shares of Victory Cheval and Victor and Dennis relinquishing their claims against Jennings and Victory Cheval and vacating the leased property. It also provided that the $1.4 million was payable to Victor and Dennis by $750,000.00 in cash and the delivery of a promissory note for $650,000.00 that provided for $45,000.00 payments on the 90th, 180th, and 270th days after execution of the promissory note and the remainder of the principal and interest one year after execution of the promissory note.

Dennis testified that the settlement of the lawsuits was formalized with an escrow agreement between Jennings and Victor and approved by Dennis sometime around the end of December 2015. The escrow agreement contained substantially the same terms as the mediation agreement. He also testified that, at about the same time, he and Victor made an oral agreement that, in exchange for Dennis releasing his claims against Jennings and Victory Cheval at the closing of the escrow agreement, Victor would pay Dennis $600,000.00 out of the settlement monies. Victor paid Dennis $200,000.00 on January 3, 2016. Dennis' testimony regarding when the remaining $400,000.00 was to be paid was not entirely consistent. He testified that the balance was to be paid "at the end of the year," "within the year," and by January 1, 2017.

Victor denied that he had an agreement with Dennis to pay him $600,000.00 or that the $1.4 million was to be paid jointly to Dennis and him. However, he admitted that he represented to the federal government on a net worth statement that he owed Dennis $250,000.00, although he claimed that that was related to a prior settlement of the lawsuits that he had previously rejected.

7

Viewing this evidence in the light most favorable to the trial court's findings and presuming that the trial court resolved all inconsistencies in the evidence in support of its judgment, we find that there is some evidence supporting the trial court's finding that the agreement was performable within one year. We also find that this finding is supported by the preponderance of the evidence. Consequently, we find that the trial court properly concluded that the agreement was not within the statute of frauds.

We also find that the trial court did not err in its conclusion that Victor and Dennis had an enforceable agreement. An agreement is binding only when "its terms are sufficiently definite to enable a court to understand the parties' obligations." *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 455 (Tex. App.—Fort Worth 2009, pet. denied) (citing *Fort Worth ISD v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000)). If a court is able to determine the legal obligations of the parties, it is sufficiently definite. *Id.* (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)). "Whether an agreement fails for indefiniteness is a question of law to be determined by the court." *Id.* (citing *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 664 (Tex. App.—Dallas 2004, pet. denied)).

In this case, the evidence showed that Victor was to pay Dennis his share of the proceeds of the settlement when Victor received payment from Jennings. Victor paid Dennis $200,000.00 when he received Jennings' initial payment. Jennings' final payment was due one year from the execution of the escrow agreement, making Victor's final payment due at the same time. Thus, the time for Victor's performance was sufficiently definite to be enforceable.

For the reasons stated, we overrule this contention.

8

*(2)      Admitting the Allegedly Confidential Document Was Not an Abuse of Discretion*

Victor also complains that the trial court erred in admitting his statement of net worth because it was confidential. At trial, Dennis offered the statement of net worth prepared by Victor in connection with his federal post-conviction[6] presentence investigation report (PSIR). The trial court admitted the statement over Victor's objection that it was confidential.

On appeal, Victor argues that, since the net worth statement was confidential under federal caselaw, it was inadmissible in this action. Victor offers a number of federal cases to support his contention that both the PSIR and the information gathered for the PSIR are confidential. Those cases, however, concern the propriety of the federal district court releasing all or parts of a PSIR to third parties. *See, e.g.*, *United States v. Huckaby*, 43 F.3d 135 (5th Cir. 1995). While these cases note that a PSIR is confidential and that "[t]here is a 'general presumption that courts will not grant third parties access to the presentence reports of other individuals,'" they do not support the proposition that a PSIR may never be accessed by third parties. *Id.* at 138 (quoting *United States v. Smith*, 13 F.3d 860, 867 (5th Cir.1994)). In addition, none of the cases cited by Victor hold that the confidentiality of PSIRs, or the information gathered for PSIRs, bars their admission into evidence in a separate proceeding.

Although Victor has not cited anything that would bar the admission of his statement of net worth based on confidentiality, we note that Rule 502 of the Texas Rules of Evidence provides a person a privilege from disclosure when any law requires a report to be made and also provides such a privilege. TEX. R. EVID. 502(a)(1). A PSIR is required under Rule 32 of the Federal Rules

---

[6]Victor was convicted of four counts of filing a false tax return.

9

of Criminal Procedure.  FED. R. CRIM. P. 32.  However, as the Fifth Circuit has noted, Rule 32 "does not expressly prohibit disclosure of the report after sentencing." *Huckaby*, 43 F.3d at 137. Further, Rule 32 does not provide that the person making the report has a privilege to prevent disclosure of the report.  Consequently, Rule 502 of the Texas Rules of Evidence does not give Victor a privilege to prevent the admission of his net worth statement into evidence.

Therefore, we find no abuse of discretion in the admission of Victor's statement of net worth over his confidentiality objection.  We overrule this issue.

*(3)    Denying Victor's Motion for Continuance Was Not an Abuse of Discretion*

Victor further asserts that the trial court abused its discretion in denying his motion for continuance.  The trial of this case was originally set for February 12, 2018.  On January 10, 2018, Victor filed a motion for continuance, which the trial court granted, resetting the trial for May 7, 2018.  On February 28, 2018, the attorneys then representing Victor filed their motion to withdraw as his attorneys for the stated reason that "the terms under which Counsel undertook representation of [Victor] cannot be fulfilled."  The motion to withdraw was granted March 22, 2018.

On April 16, 2018, Victor filed his pro se emergency motion for trial continuance, in which he stated that he had been in lockdown at his prison facility and had been unaware of his attorneys' motion to withdraw until April 6, 2018, when he received the order granting their withdrawal. Because of his attorneys' withdrawal and his difficulty in obtaining new counsel, Victor requested a continuance until December 10, 2018.  Victor's pro se motion for continuance was not supported by an affidavit.

On May 4, 2018, Victor's new counsel entered his appearance. On the first day of trial, Victor's counsel made an oral motion for continuance based on his recent hire, his unfamiliarity with the file, and the absence of Victor as a result of his imprisonment. The new counsel also asserted Victor's pro se motion for continuance. After discussions with counsel, the trial court overruled the motions for continuance, but advised counsel that, at the conclusion of Dennis' case, he would recess the proceedings to give Victor's counsel an opportunity to arrange for Victor to give his testimony by telephone and to put on other witnesses he may have.

On appeal, Victor argues that the trial court abused its discretion in denying his motions for continuance. A trial court's ruling on a motion for continuance is reviewed for a clear abuse of discretion. *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 644 (Tex. App.—Texarkana 2013, no pet.) (citing *Marchand*, 83 S.W.3d at 800). "A trial court 'abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Marchand*, 83 S.W.3d at 800 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), *disapproved on other grounds by In re Columbia Med. Ctr. of Las Colinas, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding)).

A motion for continuance must be in writing and supported by an affidavit. *In re T.C.H.*, No. 06-16-00054, 2016 WL 7175291, at *6 (Tex. App.—Texarkana Dec. 8, 2016, no pet.) (mem. op.) (citing TEX. R. CIV. P. 251; *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re J.D.R.*, No. 04-16-00076-CV, 2016 WL 3797137, at *2 (Tex. App.—San Antonio, July 13, 2016, no pet.) (mem. op.); *In re M.R.R.*, No. 10-15-00303-CV, 2016 WL 192583, at *7 (Tex. App.—Waco Jan. 14, 2016, no pet.) (mem. op.)). We presume the trial court did not abuse its discretion in

denying the motion for continuance that is not in writing and not supported by an affidavit. *Id*. (citing *J.D.R.*, 2016 WL 3797137, at *2; *M.R.R.*, 2016 WL 192583, at *7). Since Victor's oral motion for continuance asserted on the first day of trial did not comply with Rule 251, we cannot conclude that the trial court abused its discretion in denying the motion. *See id.*

Further, as a general rule, when a motion for continuance is in writing but not supported by an affidavit, we presume that the trial court did not abuse its discretion by denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). However, this general rule is not applied to pro se movants who, without fault, have had their attorney withdraw. *Id.* Nevertheless, when the basis of the pro se motion for continuance is the withdrawal of his attorney, the movant must show that the withdrawal was not due to the movant's own fault or negligence. *Id*.; *Pjetrovic*, 411 S.W.3d at 645. In this case, Victor offered no evidence that his first attorneys' withdrawal was not due to his own negligence or fault. In such a case, the record supports the presumption that the trial court did not abuse its discretion. *Pandozy v. Shamis*, 254 S.W.3d 596, 601 (Tex. App.— Texarkana 2008, no pet.).

Therefore, based on this record we cannot say that the trial court clearly abused its discretion in denying Victor's pro se motion for continuance. We overrule this issue.

*(4)* *Victor's Evidentiary Complaints and His Complaint Regarding an Allegedly Fraudulent Document Were Not Preserved.*

Victor also contends that the trial court abused its discretion in several of its evidentiary rulings. Victor complains that the trial court abused its discretion in admitting testimony regarding his PSIR, admitting an affidavit executed by Dennis, admitting an unexecuted disbursement

agreement,[7] and in refusing to admit Dennis' entire deposition.  Victor argues that these cumulative errors caused the rendition of an improper judgment.

To preserve an issue for appellate review, the record must show that the appellant raised the complaint at the trial court by a timely objection, request, or motion that stated the grounds of the complaint with sufficient specificity, and that the trial court either ruled, or refused to rule, on the complaint.  *Jaimes v. Mersha*, No. 06-15-00079-CV, 2016 WL 2609291, at \*5 (Tex. App.—Texarkana May 6, 2016, no pet.) (mem. op.); *see* TEX. R. APP. P. 33.1(a).  "An objection at trial that does not comport with a point of error on appeal preserves nothing for review."  *Anderson v. Snoddy*, No. 06-14-00096-CV, 2015 WL 5634564, at \*11 (Tex. App.—Texarkana Sept. 25, 2015, pet. denied) (mem. op.).

On appeal, Victor complains that the trial court allowed Dennis to refresh his memory with Victor's PSIR and to testify regarding his criminal convictions.  At trial, Dennis sought to introduce Victor's PSIR, Victor objected, and the trial court refused to admit the PSIR into evidence.  Without further objection, Dennis then used the PSIR to refresh his memory and testified regarding Victor's convictions.  Since Victor did not object to this testimony at trial, he has not preserved this complaint for our review.  *Jaimes*, 2016 WL 2609291, at \*5.

Victor also complains about the admission of an affidavit executed by Dennis that was used in an unrelated arbitration.  At trial, although Victor initially objected, he never specifically stated the basis of his objection and ultimately asked if he would be able to ask questions about the

---

[7]Although Victor also purports to complain about the admission of his net worth statement as part of this issue, we have addressed this complaint in our prior discussion.

affidavit.  After granting Victor such permission, the trial court admitted the affidavit.  Since it is not clear from the record that Victor objected to the admission of the affidavit or specified any basis of such an objection, Victor has not preserved this complaint for our review.  *See id.*

Victor also complains about the admission into evidence of an unexecuted disbursement agreement.  At trial, Victor objected that the document was neither signed nor dated.  On appeal, Victor claims that the document is hearsay, not a business record, and not admissible under Rules 802, 803, 804, 902, or 1001 of the Texas Rules of Evidence.  Since Victor's complaints on appeal do not comport with his objection at trial, he has not preserved his complaints for our review. *Snoddy*, 2015 WL 5634564, at \*11.

Victor also complains that the trial court erred in refusing to admit Dennis' entire deposition.  In order to preserve a complaint about the exclusion of evidence for appellate review,

> a party must:  (1) attempt to introduce the evidence; (2) if an objection is made, specify the purpose for which the evidence is offered and give the trial court reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the court rules the evidence inadmissible, make a record, either through an informal offer of proof or a formal bill of exceptions, of the evidence the party desires admitted.

*Culver v. Culver*, 360 S.W.3d 526, 531 n.9 (Tex. App.—Texarkana 2011, no pet.) (citing TEX. R. APP. P. 33.2; TEX. R. EVID. 103; *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.); *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602 (Tex. App.— Houston [1st Dist.] 2001, pet. denied)).  Victor did not give the trial court any reasons why the deposition was admissible.  Also, since Victor did not make an offer of proof, we are unable to determine whether the deposition, or any part of it, was admissible.  Consequently, Victor has not preserved this complaint for our review.  *See id.*

Victor also alleges that a fraud was perpetrated on the trial court by the introduction of Plaintiff's Exhibit 34. In support of his allegation, Victor included in his Appendix a report by a handwriting expert who concluded that there was evidence that Victor's signature on Exhibit 34 was probably not genuine.[8] However, at trial, Victor did not challenge the genuineness of Exhibit 34 or the genuineness of his signature on Exhibit 34, whether by objection or in his motion for new trial. Rather, Victor objected only that Exhibit 34 was a copy and not an original document. Since Victor did not assert his fraudulent-document complaint in the trial court and since his complaint on appeal does not comport with his objection asserted at trial, he has not preserved this complaint for our review. *Jaimes*, 2016 WL 2609291, at *5; *Snoddy*, 2015 WL 5634564, at *11.

Since Victor did not preserve these complaints, we overrule these issues.

For the reasons stated, we affirm the trial court's judgment.

Josh R. Morriss III
Chief Justice

Date Submitted:     April 26, 2019
Date Decided:       May 15, 2019

---

[8]Attachments in a party's appendix, but not appearing in the appellate record, are not part of the record and cannot be considered on appeal. *High Mountain Ranch Group, LLC v. Niece*, 532 S.W.3d 513, 520 n.16 (Tex. App.—Texarkana 2017, no pet.); *see* TEX. R. APP. P. 34.1 (describing contents of appellate record).

15